**Charles MOORE, Appellant,**

v.

**James ZELLER, et al., Appellees.**

No. 09–02–347 CV.

Court of Appeals of Texas, Beaumont.

Submitted April 17, 2003.

Decided April 24, 2003.

Charles Moore, Livingston, pro se.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

**OPINION**

PER CURIAM.

Charles Moore, an inmate in the Texas Department of Criminal Justice, Institutional Division, filed a civil rights suit against Institutional Division employees James Zeller, Loyd Massey, Timothy Hindsman, Michael Hinote, Beverly Brown, Johnny Thompson, Sophia Miller, Gail Shelton, and Brenda Farr. *See* 42 U.S.C.A. § 1983 (West Pamph.2003). Without prior notice, the trial court dismissed the suit for failure to file an affidavit of previous filings. TEX. CIV. PRAC. & REM.CODE ANN. § 14.004 (Vernon 2002).

The two points of error Moore raises in this appeal contend the trial court erred in dismissing his suit "with prejudice." The primary distinction between the two points seems to be that the federal principles of due process argued in the former, while the latter apparently relies upon the application of state court procedure. We address the procedural error first.

Point of error two contends, "The trial court abused its discretion because a dis-

missal with prejudice for failure to comply with the rules governing the filing of *in forma pauperis* suits is not a ruling on the merits of the entire complaint." This case is controlled by the following holding in *Hughes v. Massey:* "A dismissal for failure to comply with the rules governing the filing of *in forma pauperis* suits is not a ruling on the merits; accordingly, it is error to dismiss the suit with prejudice if the inmate was not first provided with an opportunity to amend his pleadings." *Hughes v. Massey,* 65 S.W.3d 743, 746 (Tex.App.-Beaumont 2001, no pet.)(citing *Lentworth v. Trahan,* 981 S.W.2d 720, 722–23 (Tex.App.-Houston [1st Dist.] 1998, no pet.)). "The proper remedy is to modify the judgment by deleting the words 'with prejudice' and by substituting the words 'without prejudice.' " *Id.* (citing TEX. R.APP. P. 43).

Point of error two is sustained. If meritorious, Moore's first point of error would afford identical relief. Therefore, we decline to address point of error one. We reform the judgment to provide the cause is dismissed without prejudice. As reformed, the judgment is affirmed.

AFFIRMED AS REFORMED.