Charles MOORE, Appellant,

v.

James R. ZELLER, et al., Appellees.

No. 09–04–156–CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 26, 2004.

Decided Dec. 22, 2004.

263

Charles Moore, Beaumont, pro se.

Greg Abbott, Atty. Gen., Audrie L. Lawton, Asst. Atty. Gen., Austin, for appellees.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

**OPINION**

PER CURIAM.

Charles Moore, an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, filed a civil rights suit against Correctional Institutions Division employees James R. Zeller, Lloyd Massey, Timothy Hindsman, Michael Hinote, Beverly Brown, Johnny Thompson, Sophia Miller, Gail Shelton, and Brenda Farr. Seven of the nine defendant's filed a joint answer; only Zeller and Hinote did not answer. Said answer alleged, inter alia, that Moore failed to prove he exhausted all administrative remedies within the penal grievance system before initiating the lawsuit. See Tex. Civ. Prac. & Rem.Code Ann. § 14.005(a) (Vernon 2002). The defendants also contended that because Moore failed to file proper documentation under section 14.005(a), there is no proof that Moore filed his lawsuit with-

in thirty-one days following his receiving the written decision from the administrative grievance system, as mandated by section 14.005(b). In dismissing Moore's lawsuit, the trial court found that Moore's petition was not in compliance with the requirements set forth in Texas Civil Practice and Remedies Code, Chapter 14. Moore's lawsuit was dismissed without prejudice. Moore raises three issues challenging the trial court's dismissal of his lawsuit.

▮ An inmate proceeding in forma pauperis, as does Moore, is subject to the procedural requirements of Chapter 14. See Tex. Civ. Prac. & Rem.Code Ann. § 14.002 (Vernon 2002). Under Chapter 14, a trial court has broad discretion to dismiss a lawsuit as frivolous or malicious. *Retzlaff v. Tex. Dep't of Criminal Justice,* 94 S.W.3d 650, 653 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). Therefore, we review dismissal of suits under Chapter 14 under an abuse of discretion standard. *Hines v. Massey,* 79 S.W.3d 269, 271 (Tex. App.-Beaumont 2002, no pet.). A trial court abuses its discretion if it acts without reference to guiding rules or principles. See *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

Moore's petition in the instant lawsuit was filed August 15, 2003. The substantive allegations in the present lawsuit mirror those in Moore's lawsuit filed in 2002, which led to this Court's opinion in *Moore v. Zeller,* 108 S.W.3d 373 (Tex.App.-Beaumont 2003, no pet.). In that appeal, the lone issue was whether the trial court erred in dismissing Moore's civil rights suit against the same defendants "with prejudice." *Id.* at 373–74. On that limited issue, we found in Moore's favor, reformed the judgment of dismissal to indicate it was "without prejudice," and as so reformed, affirmed. *Id.* at 374.

In his present petition, Moore set out abbreviated grievance information indicating the results of steps one and two of the grievance process, but failed to indicate the dates the written grievance decisions were received by him. Furthermore, Moore entirely failed to attach any copies of the written decisions from the grievance system as required by section 14.005(a)(2). Moore's petition states, "This is contents of previous Lawsuit filed in State Court, in Polk County, Texas on/or about June 29, 2002 STYLED: *Charles Moore, Plaintiff v. James R. Zeller, ET. AL, Defendants.*" [sic et passim].

This court may take judicial notice of its own records, and we do take notice of the record of the appeal of Moore's prior lawsuit. See *Stroud v. VBFSB Holding Corp.*, 917 S.W.2d 75, 78 (Tex. App.-San Antonio 1996, writ denied). Moore's prior petition, with a file-stamp of July 1, 2002, is silent with regard to Moore having filed any grievances at all. There are no copies of any written grievance decisions. An examination of the instant record, and the pleadings filed by Moore in his 2002 lawsuit, indicate Moore failed to comply with the requirements of section 14.005.

As noted above, section 14.005(b) requires a trial court to dismiss a claim if the inmate fails to file it before the thirty-first day after the date that he received the written decision from the grievance system. See also *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex.App.-Houston [1st Dist.] 2002, no pet.). In order to enable a trial court to determine if the inmate's suit was filed within the period required by section 14.005(b), the inmate must file (1) an affidavit or unsworn declaration stating the date the grievance was filed and the date the written decision was received by the inmate; and (2) a copy of the written decision from the grievance system. See

section 14.005(a); *Hines*, 79 S.W.3d at 271. In the instant case, Moore's paraphrased summary of his grievance issues and results do not meet the requirements of section 14.005(a) as it does not include a copy of the decisions, if any, of the grievance system, and because the summary does not include the specific date when Moore received the written decisions, if any. See *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex.App.-Fort Worth 2004, pet. denied).

Accordingly, we hold the trial court did not abuse its discretion in dismissing Moore's suit for his having failed to comply with the requirements of Chapter 14 as discussed above. Moore's three issues are overruled. The trial court's order of dismissal is affirmed.

AFFIRMED.