NO. 07-04-0476-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 8, 2005



______________________________




ISIDRO MARTINEZ RAMIREZ, APPELLANT



V.



PROPERTY OFFICER DIETZ, ET AL., APPELLEES




_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;



NO. 2004-595441; HONORABLE PAULA LANEHART, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Isidro Martinez Ramirez, an inmate proceeding pro se and in forma
pauperis, challenges the trial court's order dismissing without prejudice his claim against
appellees Stuart Shane Dietz and Phillip James Duffy, property officers of the Texas
Department of Criminal Justice. Presenting three issues, appellant questions the propriety
of the dismissal for failure to comply with procedural requirements and asserts his suit has
an arguable basis in law that precluded dismissal. We affirm.

 According to Ramirez's complaint, in October 2003, he was transferred from one unit
of the Texas Department of Criminal Justice to another for psychiatric care. Following his
transfer, the procedure for psychiatric observation required all his possessions to be taken
and stored in the property department. He alleged his prescription glasses, which had
been purchased at his own expense as opposed to State-issued, were never returned and
that property officer Dietz informed him the glasses had been destroyed. Ramirez alleged
numerous causes of action and sought monetary damages, as well as a declaratory
judgment declaring his ownership of the destroyed glasses.

 The property officers filed a general denial and also asserted affirmative defenses. 
Several months thereafter, they filed a motion to dismiss alleging Ramirez had not complied
with chapter 14 of the Texas Civil Practice and Remedies Code. Without specifying
particulars, the trial court dismissed the suit pursuant to chapter 14.

 Ramirez presents three issues questioning whether (1) he failed to comply with
procedural requirements; (2) he had an arguable basis in law that precluded dismissal; and
(3) the trial court should have allowed him the opportunity to replead and cure any defects. 
We will address the issues simultaneously.

 Dismissal of a claim under chapter 14 is reviewed under an abuse of discretion
standard. McCollum v. Mt. Ararat Baptist Church, 980 S.W.2d 535, 536 (Tex.App.-Houston
[14th Dist.] 1998, no pet.); see also Hickson v. Moya, 926 S.W.2d 397, 398
(Tex.App.-Waco 1996, no writ). Abuse of discretion is determined by whether the court
acted without reference to any guiding rules or principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial judge may
decide a matter within his discretionary authority in a different manner than an appellate
judge does not demonstrate that an abuse of discretion has occurred. Id.

 Ramirez's suit is governed by the rules set forth in chapter 14 of the Code. 
Thompson v. Henderson, 927 S.W.2d 323, 324 (Tex.App.-Houston [1st Dist.] 1996, no
writ). Chapter 14 assists the trial court in determining whether a suit is malicious or
frivolous under section 14.003(a). Hickson, 926 S.W.2d at 399. Thus, an inmate's suit
may be dismissed without a hearing when he fails to comply with the requirements of
section 14.004. See Williams v. Brown, 33 S.W.3d 410, 412 (Tex.App.-Houston [1st Dist.]
2000, no pet.). 

 By its order, the trial court dismissed Ramirez's suit pursuant to chapter 14 without
specifying the requirements he failed to satisfy. Thus, we will review all requirements of
chapter 14 and the documents filed by Ramirez in pursuit of his claim mindful that pro se
pleadings are evaluated by less stringent standards than those applied to formal pleadings
filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652
(1972); see also Giddens v. Brooks, 92 S.W.3d 878, 880 (Tex.App.-Beaumont 2002, pet.
denied). 

 Section 14.004(a)(1) requires an inmate who files an affidavit of inability to pay costs
to file a separate affidavit of every suit filed pro se without regard to whether he was an
inmate at the time other than suits filed under the Texas Family Code. Pursuant to
subsection (a)(2) the affidavit shall describe each suit and (A) state the operative facts, (B)
list the case name, cause number, and court in which suit was filed, (C) identify each party,
and (D) state the result of the suit, including whether it was dismissed as frivolous or
malicious. Under subsection (b), an inmate must declare the date of the final order
affirming the dismissal of a previous suit if it was dismissed as frivolous or malicious.
Finally, subsection (c) requires that the affidavit be accompanied by a certified copy of the
inmate's trust account statement. See also § 14.006(f). 

 An inmate is required to exhaust his administrative remedies as provided by section
14.005(a) of the Code. See also Tex. Gov't Code Ann. § 501.008 (Vernon 1998). He must
also provide an affidavit or unsworn declaration providing the date he filed a grievance as
well as the date he received the written decision from the grievance system. The record
must include a copy of the written decision. Once an inmate receives the grievance
system's decision, suit must be filed within 31 days or the trial court is authorized to dismiss
the action. § 14.005(b).

 Ramirez filed an affidavit of previously filed suits to which the officers responded that
it was incomplete because it listed only suits filed since Ramirez's incarceration. Relying
on Thomas v. Skinner, 54 S.W.3d 845, 847 (Tex.App.-Corpus Christi 2001, pet. denied),
in which the court found that a failure to comply with chapter 14 could be remedied through
amendment, Ramirez filed an amended affidavit of previous filings. As required, he
attached a certified copy of his trust account that reflected activity from January 1, 2004 to
June 2004.

 Ramirez filed suit on April 14, 2004, and section 14.006(f) requires a trust account
to reflect activity during the six months preceding "the date on which the claim is filed." 
Thus, the trust account should have also included activity dating back to November and
December 2003. Ramirez did not comply with all the requirements of section 14.006(f).

 Pursuant to section 14.005(a), Ramirez filed an affidavit of exhaustion of
administrative remedies including copies of Step 1 and Step 2 grievance forms. However,
no copies of written decisions by the grievance system are included in the record and
Ramirez concedes he has been unable to obtain copies. He asserts, though, that the
property officers were served with copies and have them in their possession, custody, or
control. He further requested the court to take judicial notice of the decisions of the
grievance system.

 In Moore v. Zeller, 153 S.W.3d 262, 264 (Tex.App.-Beaumont 2004, pet. denied),
the court recognized that it may take judicial notice of its own records, but declined to take
judicial notice of an inmate's reference to a previous lawsuit. Moore, an inmate who
prosecuted a civil rights action against employees of a correctional institution, set out
abbreviated grievance information in his petition, but failed to include the dates of the
grievance system's decisions or attach written copies of the decisions as required by
section 14.005(a)(1) & (2). The court upheld the trial court's dismissal for failure to comply
with the requirements of chapter 14.

 The importance of the dates and copies of grievance decisions is to enable a trial
court to determine if an inmate has timely filed a claim pursuant to section 14.005(b) which
requires a claim to be filed before the 31st day after the date the inmate receives the
written decision. See Moore, 153 S.W.3d at 264. The statute mandates dismissal for an
untimely filed claim. § 14.005(b). Despite Ramirez's efforts to obtain copies of the written
decisions, he has failed to comply with the mandatory requirements of section 14.005(a)(2). 
We conclude the trial court did not abuse its discretion in dismissing the suit without
prejudice. Issues one, two, and three are overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice



 


 



 Name="Medium Shading 1 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0355-CV

NO. 07-10-0356-CV

NO. 07-10-0357-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

OCTOBER 26, 2010

 

______________________________

 

 

IN RE TIMOTHY RAY WILLIAMS, RELATOR

 

_________________________________

 

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Timothy Ray Williams,
proceeding pro se and in forma pauperis, seeks a writ
of mandamus to compel the Honorable John B. Board, Judge of the 181st District
Court of Randall County, to rule on his Motion
to Rescind Order to Withdraw Inmate Funds filed in the trial court on May
5, 2010.  Relator's
motion to rescind follows from this Court's Opinion on Abatement issued on
April 22, 2010, in cause number 07-10-0091-CV, 07-10-0100-CV, and
07-10-0101-CV, wherein this Court abated further proceedings for 180 days to
allow Relator time to challenge the order to withdraw
inmate funds.  As of October 20, 2010, a
reporter's record and supplemental clerk's record were both filed reflecting
that a hearing was held on Relator's motion and that the
trial court signed an order granting in part and denying in part Relator's motion to rescind.  Consequently, the relief sought by Relator in his Petitions for a Writ of Mandamus is rendered
moot.

            Accordingly, we dismiss
these proceedings.

                                                                                    Per
Curiam