In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00073-CV
______________________________


CURTIS RAY WOLF, Appellant
 
V.
 
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, 
INSTITUTIONAL DIVISION, ET AL., Appellees


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 05C0590-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N
          Curtis Ray Wolf appeals from a judgment dismissing his lawsuit with prejudice. 
While an inmate at the Barry Telford Unit of the Texas Department of Criminal
Justice–Institutional Division (TDCJ), Wolf was in a TDCJ bus that was involved in an
accident April 4, 2003. He brought Step One and Step Two grievances. In the Step One
grievance, he complained that he was injured and that, although he complained to medical
staff that he was in continuing pain, he was still assigned "to the hoe squad in violation of
my injuries capability." In the Step Two grievance appeal, Wolf complained that TDCJ had
merely sent a boilerplate response. He also set out the injuries he believed he had
sustained, stated he was in continuous pain, and complained that the attending doctor was
not properly medicating him. 
          On August 21, 2003, a final administrative decision was rendered. That decision
stated that Wolf's assignment was appropriate, that his medical concerns had been
reviewed, and explained how to seek additional review if he believed his medical problems
were not being properly assessed. 
          Wolf filed his lawsuit April 4, 2005. The lawsuit is a claim for damages based on
injuries caused by the bus accident. On May 10, 2005, the trial court dismissed the lawsuit
with  prejudice  because  Wolf  did  not  comply  with  Tex.  Civ.  Prac.  &  Rem.  Code  Ann.
§ 14.005 (Vernon 2002) and the procedural requirements for pursuing grievances as set
out by the TDCJ. The court further stated that Wolf failed to file his initial grievance within
fifteen days of the incident or occurrence stated as the basis for the lawsuit and that the
grievance did not address any acts or omissions in regard to the bus accident as alleged
in his lawsuit. 
          An inmate may not file a claim in state court regarding operative facts for which the
TDCJ grievance system provides the exclusive administrative remedy (which is, by statute,
virtually all complaints) until the inmate receives a written decision issued by the highest
authority provided for in the grievance system, or the 180th day after the date the
grievance is filed, if the inmate has not received a written decision. Tex. Gov't Code Ann.
§ 501.008(d) (Vernon 2004). An inmate who files a claim that is also subject to the
grievance system must file an affidavit stating the date a grievance was filed and the date
a written decision was received, along with a copy of the written decision. Tex. Civ. Prac.
& Rem. Code Ann. § 14.005(a). If the inmate fails to file a claim within thirty-one days of
receiving a final decision from the grievance system, the trial court must dismiss the suit. 
Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b); Smith v. Tex. Dep't of Criminal
Justice–Institutional Div., 33 S.W.3d 338, 340 (Tex. App.—Texarkana 2000, pet. denied).
          The statute directs the department to develop and maintain a system for resolving
grievances. In so doing, the TDCJ created an "Offender Orientation Handbook," setting
out time frames in which grievances must be brought. The Step One grievance form must
be completed and forwarded to the Unit Grievance Investigator within fifteen days of the
date of the incident on which it is based. Tex. Dep't of Crim. Justice, Offender
Orientation Handbook, p. 52 (Nov. 2004),


 available at
http:\\www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf.
          In this case, the incident occurred April 4, 2003. The Step One grievance was due
fifteen days later. The document was signed by Wolf and dated by him May 31, 2003, and
marked received by the office June 4, 2003. Under any formulation, it was not timely. 
Nevertheless, it is clear the TDCJ officials reviewed the grievance and made a
determination on the merits of the claim, not on a procedural shortfall, and the form itself
indicates it was received before the due date, which the form sets out as being July 14,
2003.
          Even assuming Wolf adequately complied with the administrative procedures to the
point of reaching the final administrative decision required, other problems with this
proceeding are apparent. 
          First, the grievance itself is not couched in terms of a claim of injuries seeking
damages. Wolf complains he was hurt in the wreck, but the only relief he sought was
additional pain medication, more medical attention, and ultimately to get off the hoe squad. 
Wolf's grievance does not address the issues he brought in his civil petition, and we cannot
say he either sought or received a final administrative decision on those issues. 
          Second, even assuming the decision did stretch so far as to cover a personal injury
claim, the inmate is required to file an affidavit informing the court of the date on which he
received the final decision of the administrative proceeding. If the lawsuit is not filed within
thirty-one days of receipt of the final decision, the trial court is required to dismiss the claim. 
See Moore v. Zeller, 153 S.W.3d 262, 264 (Tex. App.—Beaumont 2004, pet. denied). 
          In this case, Wolf did not file the affidavit/declaration required by statute. Thus, he
did not provide the trial court with the information required so it could determine whether
the lawsuit was timely filed. However, judging from the fact that the administrative decision
and interoffice communications attached were prepared and filed nearly two years earlier
(August 21, 2003), and in the complete absence of any complaint or indication from Wolf
that he did not receive it in a timely manner, it is entirely reasonable for the trial court to
conclude that over thirty-one days had elapsed since Wolf was informed of the
administrative decision. 
          Accordingly, we hold the trial court did not abuse its discretion in dismissing Wolf's
suit for his having failed to comply with the requirements of Chapter 14 as discussed
above. Wolf's issues are overruled. 
 
 
 
 
          We affirm the trial court's order of dismissal.
 
 

                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      November 28, 2005
Date Decided:         January 6, 2006