In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-013 CV


____________________



ARNOLD RAY LAMOTTE, JR., Appellant



V.



KEITH MCCLENDON, WARREN WORTHY, CHUCK BISCOE,


LINDA MARTIN, MELODYE NELSON, JAMES JONES, KEVIN COOK,


MARK W. COLE, NEEL G. BURNABY, JR., AND 


JOHN MORIARTY, Appellees






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. CIV 22,456






 MEMORANDUM OPINION 


 Arnold Ray Lamotte, Jr. is an inmate of the Texas Department of Criminal Justice,
Institutional Division ("Department"). He appeals the trial court's dismissal of a civil lawsuit
he filed against Keith McClendon, allegedly a Department employee, and others. (1) In his
petition, Lamotte made various claims against the defendants regarding alleged violations
of the Department's grievance procedures. Without holding a hearing, the trial court
dismissed all of Lamotte's claims as frivolous. We affirm.

 Lamotte presents ten issues for our review. The issues are not "concisely" stated as
required by the procedural rules. See Tex. R. App. P. 38.1(e). Instead, Lamotte's brief
presents the issues in a repetitious and confusing manner. Also, his brief does not contain
"clear and concise" supporting arguments as required by Rule 38.1(h) of the Texas Rules of
Appellate Procedure. See Webb v. State, 533 S.W.2d 780, 786 (Tex. Crim. App. 1976)
(noting that a pro se appellant is required to comply with all relevant rules of appellate
procedure because "right of self-representation is not a license to capriciously upset the
appellate timetable or to thwart the orderly and fair administration of justice"). 

 However, in spite of the brief's deficiencies, Lamotte's stated issues present a
recurring question, namely whether the trial court erred in dismissing his suit as "frivolous"
without a hearing or trial. In the interest of justice, we will review this question. Lamotte's
other issues are overruled.

 Because Lamotte filed a declaration of his inability to pay the costs involved with his
suit, the applicable statute is Chapter 14 of the Texas Civil Practice and Remedies Code. That
chapter is entitled "Inmate Litigation." Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014
(Vernon 2002). Chapter 14 not only establishes various procedural requirements for inmate
litigation but also empowers the trial court to dismiss the litigation in certain instances. Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.003-.005 (Vernon 2002). The purpose of the chapter's 
procedural requirements is to deter "'constant, often duplicative, inmate litigation.'" Lilly
v. Northrep, 100 S.W.3d 335, 337 (Tex. App.- San Antonio 2002, pet. denied) (quoting
Obadele v. Johnson, 60 S.W.3d 345, 348 (Tex. App.- Houston [14th Dist.] 2001, no pet.)). 
As a further deterrent, Chapter 14 also affords the trial court broad discretion to dismiss an
inmate's claim if the court finds that the claim is frivolous or malicious. Moore v. Zeller, 153
S.W.3d 262, 263 (Tex. App.- Beaumont 2004, pet. denied); see Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(a)(2), (b) (Vernon 2002). (2) On appeal, we review a Chapter 14
dismissal under the abuse of discretion standard. Moore, 153 S.W.3d at 263.

 Here, Lamotte complains that the trial court did not hold an evidentiary hearing or trial
before dismissing his case as frivolous. However, the statute provides that the trial court
"may hold a hearing" in determining whether to dismiss a claim but does not require the
court to do so. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) (Vernon 2002). In addition,
Lamotte's brief contains no explanation of what evidence he would have offered to
demonstrate the merits of his suit. Under these circumstances, we previously found that a
trial court does not abuse its discretion by dismissing a frivolous case without a hearing when
the inmate does not demonstrate that there is evidence he would have presented had a hearing
been held. Hall v. Treon, 39 S.W.3d 722, 724 (Tex. App.- Beaumont 2001, no pet.); see
Thomas v. Wichita Gen. Hosp., 952 S.W.2d 936, 939 (Tex. App.- Fort Worth 1997, pet.
denied). 

 Lamotte presents no reason why we should abandon our holding in Hall. Thus, we
find that the trial court here did not abuse its discretion in dismissing Lamotte's case as
frivolous. We overrule all of Lamotte's issues and affirm the trial court's judgment.

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice



Submitted on July 19, 2006

Opinion Delivered August 10, 2006

Before McKeithen, C.J., Kreger and Horton, JJ.
1. The record does not show that any citation was issued or that any of the defendants
filed an answer. In addition to McClendon, other named defendants named are Warren
Worthy, Chuck Biscoe, Linda Martin, Melodye Nelson, James Jones, Kevin Cook, Mark W.
Cole, Neel G. Burnaby, Jr., and John Moriarty. 
2. Section 14.003 also allows the trial court to dismiss claims if the inmate's allegation
of poverty is false or if the inmate knowingly files false affidavits or declarations. Tex. Civ.
Prac. & Rem. Code Ann. § 14.003(a).