Opinion filed August 9, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed August 9, 2007

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00184-CV

                                                    __________

 

                               DALTON LOYD WILLIAMS, Appellant

 

                                                             V.

 

RISSIE OWENS, CHAIRMAN, TEXAS BOARD OF PARDONS AND PAROLES, Appellee

 



 

                                          On
Appeal from the 39th District Court

 

                                                       Stonewall
County, Texas

 

                                                     Trial
Court Cause No. 4413

 



 

                                             M
E M O R A N D U M  O P I N I O N








Dalton
Loyd Williams filed in the trial court a pro se petition for writ of mandamus
against Rissie Owens, the Chair of the Texas Board of Pardons and Paroles.  Appellant=s
claims related to the revocation of his parole. 
In his petition, appellant claimed that his parole revocation hearing
violated the provisions of the Texas Open Meetings Act.  See Tex.
Gov=t Code Ann. '' 551.001-.146 (Vernon 2004).  Appellant sought mandamus relief under
Section 551.142 of the Open Meetings Act. 
For relief, appellant requested that the trial court nullify his parole
revocation, reinstate his parole, and immediately release him from the Texas
Department of Criminal Justice. Appellee moved the trial court to dismiss
appellant=s claims as frivolous and malicious.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2), (b) (Vernon 2002).  The trial court found that it lacked subject
matter jurisdiction in this cause.  Based
on this finding, the trial court concluded that appellant=s claims had no arguable basis in law or in
fact and that, therefore, appellant=s claims were frivolous and malicious.  The trial court entered an order dismissing
appellant=s claims. 
We affirm.

Appellant
presents two issues for review.  In his
first issue, he contends that the trial court abused its discretion in
dismissing his suit.  In his second
issue, he addresses the merits of his contention that his parole revocation
hearing violated the provisions of the Open Meetings Act.

Chapter
14 of the Texas Civil Practice and Remedies Code applies to in forma pauperis
suits by inmates. Tex. Civ. Prac. &
Rem. Code Ann. ch.14 (Vernon 2002). 
Under Chapter 14, the trial court has broad discretion to dismiss a
lawsuit as frivolous and malicious. Section 14.003(a)(2); Moore v. Zeller,
153 S.W.3d 262, 263 (Tex. App.CBeaumont 2004, pet. denied); Retzlaff v.
Tex. Dep=t of Criminal Justice, 94 S.W.3d 650, 653 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied).  In determining whether a claim
is frivolous or malicious, a trial court may consider whether (1) the claim=s realistic chance of ultimate success is
slight, (2) the claim has no arguable basis in law or in fact, (3) it is clear
that the party cannot prove facts in support of the claim, or (4) the claim is
substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts. 
Section 14.003(b)(1)-(4).  We
review a trial court=s dismissal of a suit pursuant to Chapter
14 under an abuse of discretion standard. 
Moore,
153 S.W.3d at 263.

Appellant=s claims in his petition for writ of
mandamus in this cause arose from alleged irregularities and illegalities in
his parole revocation proceedings. 
Appellant stated the following in his petition:

In Case
No. 1488, 39th Judicial District Court, Stonewall County, Texas,
DALTON LOYD
WILLIAMS VS. STATE OF TEXAS,
petitioner did present a habeas corpus action claiming that his 1986 parole was
revoked in violation of due process of law and he was denied a public parole
revocation hearing.  However, the
District Court declined to address the claims due to a prior abuse of writ ruling
in WR-5,413-35, Court of Criminal Appeals of Texas, thus, the said issue has
not been heard and ruled upon by any court and judicially resolved in
accordance to law.

         









Thus, appellant acknowledged that he had previously attempted to
file a habeas corpus proceeding based on the same allegations.

Appellant=s
claims in this cause relate to the revocation of his 1986 parole.  Appellant=s
1986 parole related to a life sentence that he received in connection with an
offense he committed in 1974. Appellant committed the offense and other
offenses in Texas after escaping from prison
in Colorado.  See Williams v. Price, No. 92-1291,
1993 WL 261931, *1 (10th Cir. June 29, 1993). 
In 1986, appellant was released on parole from the Texas Department of
Criminal Justice B
Institutional Division.  At that time,
pursuant to a detainer, appellant was returned to Colorado
to resume serving his Colorado
sentences.  See Williams, 1993 WL
261931, at *1.  Appellant was
incarcerated in Colorado until April 2003,
when he returned to Texas
and started supervised parole.  On
February 18, 2004, appellant was convicted of felony possession of cocaine.  The Board of Pardons and Paroles sought to
revoke appellant=s parole,
and on April 1, 2004, a hearing officer for the Board of Pardons and Paroles
conducted a revocation hearing.  The
hearing officer recommended that appellant=s
parole be revoked.  On April 14, 2004,
the Board of Pardons and Paroles revoked appellant=s
parole.

In his petition for writ of mandamus in this
cause, appellant alleged that the April 1, 2004 parole revocation hearing
violated the Open Meetings Act. 
Appellant requested the trial court to reinstate his parole.  A petition for writ of mandamus is not the
proper vehicle for challenging irregularities in the proceedings leading to a
parole revocation.  Rather, a person
alleging irregularities occurring during the proceedings leading to a parole
revocation should raise those issues by way of a post-conviction application
for writ of habeas corpus under Article 11.07 of the Code of Criminal
Procedure.  See Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005); Bd. of Pardons & Paroles v. Court of Appeals for the
Eighth Dist., 910 S.W.2d 481, 484 (Tex. Crim. App. 1995).  The Court of Criminal Appeals retains the
exclusive authority to grant relief in such a proceeding.  Bd. of Pardons & Paroles, 910
S.W.2d at 484.  Because a writ of habeas
corpus is the exclusive remedy for setting aside a parole revocation, the trial
court did not have jurisdiction to grant appellant the relief requested in his
petition for writ of mandamus in this cause. 









The trial court did not have subject matter
jurisdiction over appellant=s
claims.  Therefore, the trial court did
not abuse its discretion in concluding that appellant=s
claims had no arguable basis in law or in fact and in dismissing appellant=s claims as frivolous and
malicious.  We overrule appellant=s first issue.  Based on our disposition of appellant=s first issue, we need not address his
second issue.

We affirm the trial court=s
order of dismissal.

 

PER CURIAM 

 

August 9, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.