In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-285 CV


____________________



PHILIP POHL, Appellant



V.



J. CHAVERS, ET AL., Appellees






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. CIV 23642






 MEMORANDUM OPINION 


 Philip Pohl, an inmate, appeals from the trial court's dismissal of his pro se complaint
in which he alleged he received improper medical care from prison health care providers. 
Because we find the trial court did not abuse its discretion in dismissing Pohl's suit without
prejudice, we affirm. 

 Pohl sued four defendants in the 258th District Court of Polk County, Texas. The
defendants are: J. Chavers (practice manager), G. Porras (physician), J. Hansen (physician's
assistant), and D. Overbeck (nurse practitioner). In addition to his petition, Pohl filed an
affidavit of inability to pay court costs.

 When, as here, an inmate files suit in a district, county, justice of the peace, or small
claims court, and also files an affidavit or unsworn declaration of inability to pay costs, Chapter
14 ("Inmate Litigation") of the Texas Civil Practice and Remedies Code applies. See Tex.
Civ. Prac. & Rem. Code Ann. § 14.002 (Vernon 2002). In part, section 14.004 requires such
inmates to file a separate affidavit or declaration:

 (1) identifying each suit, other than a suit under the Family Code, previously
brought by the person and in which the person was not represented by an
attorney, without regard to whether the person was an inmate at the time the suit
was brought; and

 (2) describing each suit that was previously brought by:

 (A) stating the operative facts for which relief was sought;

 (B) listing the case name, cause number, and the court in which
the suit was brought;

 (C) identifying each party named in the suit; and

 (D) stating the result of the suit, including whether the suit was dismissed
as frivolous or malicious under Section 13.001 or Section 14.003 or
otherwise.


Id. § 14.004(a)(1), (2).

 In dismissing Pohl's suit without prejudice, the trial court found that his petition was
frivolous. In particular, the court found that Pohl failed to file a separate affidavit or
declaration identifying each suit that he previously brought in which he was not represented
by any attorney or failed to fully describe each previous suit. See id. On appeal, Pohl
concedes that he did not identify all of his previous suits. He contends that he was not trying
to deceive the trial court and that he believed he was only required to identify previous civil
litigation in Texas state courts. 

 The trial court has broad discretion to dismiss an inmate's Chapter 14 lawsuit as
frivolous or malicious, and we reverse its decision only if the court abused its discretion.
Moore v. Zeller, 153 S.W.3d 262, 263 (Tex. App.-Beaumont 2004, pet. denied); see Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). A trial court abuses its discretion if it acts
without reference to guiding rules or principles. Clark v. J.W. Estelle Unit, 23 S.W.3d 420,
421 (Tex. App.-Houston [1st Dist.] 2000, pet. denied). If "an inmate does not comply with
the affidavit requirements of Section 14.004, the trial court is entitled to assume the suit is
substantially similar to one previously filed by the inmate, and therefore, frivolous." Hall v.
Treon, 39 S.W.3d 722, 724 (Tex. App.-Beaumont 2001, no pet.); see Thomas v. Knight, 52
S.W.3d 292, 295 (Tex. App.-Corpus Christi 2001, pet. denied). Further, inmates, even though
proceeding pro se, must comply with applicable laws and rules of procedure. Giddens v.
Brooks, 92 S.W.3d 878, 880-81 (Tex. App.-Beaumont 2002, pet. denied) (inmate's pro se
lawsuit against a physician and medical center.)

 Because Pohl did not comply with section 14.004 and its requirement to properly
identify his suits and describe them, we find the trial court did not abuse its discretion in
dismissing his case without prejudice. We affirm the trial court's order. 

 AFFIRMED.


 

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on October 8, 2007

Opinion Delivered November 15, 2007

Before McKeithen, C.J., Kreger and Horton, JJ.