TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00482-CV

NO. 03-11-00487-CV






Elridge Vanderhorst Hills, Jr., Appellant


v.


Bell County Law Enforcement Center, et al., Appellees






FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT

NOS. 251,569-C & 251,569-B, HONORABLE RICK MORRIS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 We withdraw our opinion and judgment dated January 20, 2012, in cause number 03-11-00487-CV, and substitute the following in its place. (1)

 Appellant Elridge Vanderhorst Hills, Jr., (2) appeals a district court judgment dismissing
with prejudice, pursuant to chapter 14 of the civil practice and remedies code, a suit he filed against
the "Bell County Law Enforcement Center." We will affirm the judgment.

 At various times during 2010 and 2011, Hills was confined in the Bell County Law
Enforcement Center (i.e., the county jail), where he evidently made numerous grievances against
jail personnel. (3) In his petition, styled a "motion for injunction," Hills sought to compel jail personnel
to address his grievances through the administrative process required by section 501.008 of the
government code. See Tex. Gov't Code Ann. § 501.008 (West 2004). Hills filed with his petition
an affidavit of inability to pay costs, see Tex. R. Civ. P. 145, thereby implicating the requirements
of chapter 14 of the civil practice and remedies code. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.002(a) (West Supp. 2011). (4) The district court, holding that Hills had failed to comply with
chapter 14 and that his claims were "frivolous and malicious," dismissed the suit with prejudice. (5)
This appeal followed.

 "The Legislature intended for Chapter 14 to reduce frivolous inmate litigation."
Warner v. Glass, 135 S.W.3d 681, 685 (Tex. 2004) (citing House Research Organization,
Bill Analysis, Tex. H.B. 1343, 74th Leg., R.S. 38 (1995)). Accordingly, chapter 14 authorizes a
trial court to dismiss a claim if the court finds, among other things, that the claim is frivolous or
malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). In determining whether a claim is
frivolous or malicious, the court may consider, among other factors, whether "the claim has no
arguable basis in law or fact." Id. § 14.003(b)(2). For a claim to have no arguable basis in law, it
must be based on "an indisputably meritless legal theory" or be based on wholly incredible
or irrational factual allegations. Nabelek v. District Att'y of Harris County, 290 S.W.3d 222, 228
(Tex. App.--Houston [14th Dist.] 2005, pet. denied). 

 A trial court has broad discretion to dismiss an inmate's suit if it finds
that the claim asserted is frivolous or malicious. Martinez v. Thaler, 931 S.W.2d 45, 46
(Tex. App.--Houston [14th Dist.] 1996, writ denied). Therefore, we review a chapter 14
dismissal under the abuse-of-discretion standard. Moore v. Zeller, 153 S.W.3d 262, 263
(Tex. App.--Beaumont 2004, pet. denied); Retzlaff v. Texas Dep't of Crim. Justice, 94 S.W.3d
650, 654 (Tex. App.--Houston [14th Dist.] 2002, pet. denied). A trial court abuses its discretion
if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles.
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985); Leachman v. Dretke,
261 S.W.3d 297, 303-04 (Tex. App.--Fort Worth 2008, no pet.).

 Liberally construing the arguments in Hills's brief as we are required to do,
see Tex. R. App. P. 38.9, Hills raises two basic contentions on appeal. First, Hills argues that, in
substance, the district court abused its discretion in dismissing his petition. Second, he asserts that
even if dismissal was proper, his suit should have been dismissed without prejudice. We reject
both contentions. Among other grounds that could have supported the district court's judgment,
government code section 501.008--the statute on which Hills's claim for injunctive relief was
predicated--applies solely to "the resolution of grievances by inmates housed in facilities
operated by [TDCJ] or under contract with [TDCJ]." Tex. Gov't Code Ann. § 501.008. Hills's
claim is instead against personnel at a county jail. Consequently, Hills's claim lacks an arguable
basis in law and the district court would not have abused its discretion in dismissing the petition
as frivolous or malicious on that ground. (6) We overrule Hills's first issue. Additionally, because
the fatal legal flaw in Hills's claim would not be curable by repleading, we likewise overrule
Hills's second issue. See Burnett v. Sharp, 328 S.W.3d 594, 603-04 & n.10 (Tex. App.--Houston
[14th Dist.] 2010, no pet.) (dismissal with prejudice appropriate when pleading deficiencies cannot
be remedied); Nabelek, 290 S.W.3d at 233 (dismissal should be with prejudice when inmate's claim
has no arguable basis in law).

 Having overruled Hills's appellate complaints, we affirm the district court's
judgment. 


 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: March 15, 2012
1. Due to apparent confusion regarding the district court cause number referenced in Hills's
pro se filings, various portions of Hills's appellate filings and the clerk's record were separated
among two different cause numbers docketed in this Court, the present cause (03-11-00482-CV)
and also 03-11-00487-CV. Hills's appellate brief was filed only in 03-11-00482-CV. The absence
of a brief in the file of the other cause, 03-11-00487-CV, triggered our clerk's normal procedure
of giving Hills notice of what appeared to be his overdue brief and warning that his appeal would
be dismissed for want of prosecution if he failed to file it promptly. Hills did not respond to
these notices, and we ultimately dismissed that appeal for want of prosecution. See Tex. R. App.
P. 42.3(b), (c). Hills has since filed a motion for rehearing of our dismissal in 03-11-00487-CV,
now advising us that, in fact, he had filed his brief after all. We grant Hills's motion for rehearing
in 03-11-00487-CV to the extent of vacating our prior dismissal order, consolidate the two causes,
and address the merits of Hills's appeal above.
2. The record contains inconsistent spellings of Hills's first name. We have employed the
spelling Hills employed in his notice of appeal.
3. See also Hills v. State, No. 03-09-00166-CR, 2010 Tex. App. LEXIS 4407
(Tex. App.--Austin June 11, 2010, pet. dism'd, untimely filed) (mem. op., not designated for
publication) (affirming Hills's conviction for assaulting public servant while confined at jail).
4. We note that portions of chapter 14, including the sections that are relevant here, were
amended in 2011. See Act of June 29, 2011, 82d Leg., 1st C.S., ch. 3, § 12.02, 2011 Tex. Gen. Laws
5251, 5251. However, Hills's petition predated the amendments' January 1, 2012, effective date.
See id. We will accordingly refer to the prior law.
5. The district court dismissed the petition sua sponte without holding a hearing, which is
permitted under chapter 14. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a), (c) (West 2002);
Gowan v. Texas Dep't of Crim. Justice, 99 S.W.3d 319, 323 (Tex. App.--Texarkana 2003, no pet.).
6. Additionally, we observe that Hills did not file with his petition a separate affidavit
relating to previous filings that complied with chapter 14. See Tex. Gov't Code Ann. § 14.004
(West Supp. 2011).