# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00482-CV
NO. 03-11-00487-CV

**Elridge Vanderhorst Hills, Jr., Appellant**

**v.**

**Bell County Law Enforcement Center, et al., Appellees**

## FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
## NOS. 251,569-C & 251,569-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment dated January 20, 2012, in cause number 03-11-00487-CV, and substitute the following in its place.[1]

---

[1] Due to apparent confusion regarding the district court cause number referenced in Hills's pro se filings, various portions of Hills's appellate filings and the clerk's record were separated among two different cause numbers docketed in this Court, the present cause (03-11-00482-CV) and also 03-11-00487-CV. Hills's appellate brief was filed only in 03-11-00482-CV. The absence of a brief in the file of the other cause, 03-11-00487-CV, triggered our clerk's normal procedure of giving Hills notice of what appeared to be his overdue brief and warning that his appeal would be dismissed for want of prosecution if he failed to file it promptly. Hills did not respond to these notices, and we ultimately dismissed that appeal for want of prosecution. *See* Tex. R. App. P. 42.3(b), (c). Hills has since filed a motion for rehearing of our dismissal in 03-11-00487-CV, now advising us that, in fact, he had filed his brief after all. We grant Hills's motion for rehearing in 03-11-00487-CV to the extent of vacating our prior dismissal order, consolidate the two causes, and address the merits of Hills's appeal above.

Appellant Elridge Vanderhorst Hills, Jr.,[2] appeals a district court judgment dismissing with prejudice, pursuant to chapter 14 of the civil practice and remedies code, a suit he filed against the "Bell County Law Enforcement Center."  We will affirm the judgment.

At various times during 2010 and 2011, Hills was confined in the Bell County Law Enforcement Center (i.e., the county jail), where he evidently made numerous grievances against jail personnel.[3]  In his petition, styled a "motion for injunction," Hills sought to compel jail personnel to address his grievances through the administrative process required by section 501.008 of the government code.  *See* Tex. Gov't Code Ann. § 501.008 (West 2004).  Hills filed with his petition an affidavit of inability to pay costs, *see* Tex. R. Civ. P. 145, thereby implicating the requirements of chapter 14 of the civil practice and remedies code.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (West Supp. 2011).[4]  The district court, holding that Hills had failed to comply with chapter 14 and that his claims were "frivolous and malicious," dismissed the suit with prejudice.[5]  This appeal followed.

---

[2]  The record contains inconsistent spellings of Hills's first name.  We have employed the spelling Hills employed in his notice of appeal.

[3]  *See also Hills v. State*, No. 03-09-00166-CR, 2010 Tex. App. LEXIS 4407 (Tex. App.—Austin June 11, 2010, pet. dism'd, untimely filed) (mem. op., not designated for publication) (affirming Hills's conviction for assaulting public servant while confined at jail).

[4]  We note that portions of chapter 14, including the sections that are relevant here, were amended in 2011.  *See* Act of June 29, 2011, 82d Leg., 1st C.S., ch. 3, § 12.02, 2011 Tex. Gen. Laws 5251, 5251.  However, Hills's petition predated the amendments' January 1, 2012, effective date.  *See id*.  We will accordingly refer to the prior law.

[5]  The district court dismissed the petition sua sponte without holding a hearing, which is permitted under chapter 14.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a), (c) (West 2002); *Gowan v. Texas Dep't of Crim. Justice*, 99 S.W.3d 319, 323 (Tex. App.—Texarkana 2003, no pet.).

"The Legislature intended for Chapter 14 to reduce frivolous inmate litigation." *Warner v. Glass*, 135 S.W.3d 681, 685 (Tex. 2004) (citing House Research Organization, Bill Analysis, Tex. H.B. 1343, 74th Leg., R.S. 38 (1995)). Accordingly, chapter 14 authorizes a trial court to dismiss a claim if the court finds, among other things, that the claim is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). In determining whether a claim is frivolous or malicious, the court may consider, among other factors, whether "the claim has no arguable basis in law or fact." *Id*. § 14.003(b)(2). For a claim to have no arguable basis in law, it must be based on "an indisputably meritless legal theory" or be based on wholly incredible or irrational factual allegations. *Nabelek v. District Att'y of Harris County*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

A trial court has broad discretion to dismiss an inmate's suit if it finds that the claim asserted is frivolous or malicious. *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied). Therefore, we review a chapter 14 dismissal under the abuse-of-discretion standard. *Moore v. Zeller*, 153 S.W.3d 262, 263 (Tex. App.—Beaumont 2004, pet. denied); *Retzlaff v. Texas Dep't of Crim. Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *Leachman v. Dretke*, 261 S.W.3d 297, 303-04 (Tex. App.—Fort Worth 2008, no pet.).

Liberally construing the arguments in Hills's brief as we are required to do, *see* Tex. R. App. P. 38.9, Hills raises two basic contentions on appeal. First, Hills argues that, in substance, the district court abused its discretion in dismissing his petition. Second, he asserts that even if dismissal was proper, his suit should have been dismissed without prejudice. We reject

both contentions. Among other grounds that could have supported the district court's judgment, government code section 501.008—the statute on which Hills's claim for injunctive relief was predicated—applies solely to "the resolution of grievances by inmates housed in facilities operated by [TDCJ] or under contract with [TDCJ]." Tex. Gov't Code Ann. § 501.008. Hills's claim is instead against personnel at a county jail. Consequently, Hills's claim lacks an arguable basis in law and the district court would not have abused its discretion in dismissing the petition as frivolous or malicious on that ground.[6] We overrule Hills's first issue. Additionally, because the fatal legal flaw in Hills's claim would not be curable by repleading, we likewise overrule Hills's second issue. *See Burnett v. Sharp*, 328 S.W.3d 594, 603-04 & n.10 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (dismissal with prejudice appropriate when pleading deficiencies cannot be remedied); *Nabelek*, 290 S.W.3d at 233 (dismissal should be with prejudice when inmate's claim has no arguable basis in law).

Having overruled Hills's appellate complaints, we affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: March 15, 2012

---

[6] Additionally, we observe that Hills did not file with his petition a separate affidavit relating to previous filings that complied with chapter 14. *See* Tex. Gov't Code Ann. § 14.004 (West Supp. 2011).

4