

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00283-CV

**STEPHEN SILAS THOMAS,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS, ET AL,**

                                                            **Appellee**

**From the 278th District Court
Walker County, Texas
Trial Court No. 1627857**

## MEMORANDUM OPINION

In this appeal, inmate Stephen Silas Thomas, pro se and in forma pauperis,

contends that the trial court abused its discretion in dismissing his lawsuit as frivolous.

We affirm.[1]

---

[1] In light of our disposition, all pending motions are dismissed as moot.

# I. BACKGROUND

In his original petition and various filings with the trial court, Thomas asserts that he was taken into Texas Department of Criminal Justice ("TDCJ") custody in 1980 to serve a sixty-year sentence for aggravated robbery. At some point, Thomas was released from TDCJ custody on parole. Subsequently, in January 2007, Thomas received a new TDCJ inmate number when he re-entered the system following a parole violation. Apparently, Thomas argues that the assignment of a new identification number was improper, and as a result, he is being falsely imprisoned.[2]

Thereafter, the Texas Attorney General's Office, as amicus curiae on behalf of appellees, the State of Texas and TDCJ, filed a motion to dismiss Thomas's lawsuit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (West 2011 & Supp. 2016). Without a hearing, the trial court dismissed Thomas's lawsuit with prejudice, pursuant to Chapter 14. This appeal followed.

# II. STANDARD OF REVIEW

An inmate proceeding in forma pauperis, as appellant alleges, is subject to the procedural requirements of Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002;

---

[2] Thomas uses TDCJ No. 317322 and is complaining about the assignment of TDCJ No. 01784260. We note that on his inmate-account statement for inmate number 317322, there are five other "Previous TDCJ numbers," including 01784260. It appears that TDCJ has a procedure for tracking the use of multiple TDCJ numbers assigned to the same inmate at different times.

*see also Moore v. Zeller*, 153 S.W.3d 262, 263 (Tex. App.—Beaumont 2004, pet. denied). Under Chapter 14, the trial court has broad discretion to dismiss a lawsuit as frivolous or malicious. *Moore*, 153 S.W.3d at 262 (citing *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied)). As such, we review dismissal of suits under Chapter 14 under an abuse-of-discretion standard. *Id.* (citing *Hines v. Massey*, 79 S.W.3d 269, 271 (Tex. App.—Beaumont 2002, no pet.)). A trial court abuses its discretion if it acts without reference to guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

When, as here, the trial court dismisses a claim without conducting a fact hearing, the issue on appeal is whether the claim has an arguable basis in law. *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.). To determine whether a trial court has properly determined there is no arguable basis in law for a claim, "we examine the types of relief and causes of action appellant pleaded in his petition to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief." *Id.* When, as here, the trial court does not issue findings of fact and conclusions of law, the appellate court implies all findings necessary to support the judgment. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *see also Griffith v. Griffith*, 341 S.W.3d 43, 49 (Tex. App.—San Antonio 2011, no pet.).

### III.  ANALYSIS

In his brief, Thomas contends that the trial court abused its discretion in dismissing his suit as frivolous for the following reasons:  (1) he was not required to exhaust his administrative remedies; (2) the trial court was required to hold a hearing on the motion to dismiss; (3) the statute of limitations did not run because his false imprisonment is ongoing; and (4) sovereign immunity does not apply to appellees.[3]

An inmate may not file a claim in state court regarding operative facts for which the TDCJ grievance system provides the exclusive administrative remedy until the inmate receives a written decision issued by the highest authority provided for in the grievance system, or the 180th day after the grievance is filed, if the inmate has not received a written decision.  *See* TEX. GOV'T CODE ANN. § 501.008(d) (West 2012); *see also Walters v. Livingston*, No. 10-12-00065-CV, 2012 Tex. App. LEXIS 9119, at *5 (Tex. App.—Waco Nov 1, 2012, no pet.) (mem. op.).  An inmate who files a claim that is subject to the prison-grievance system must also file an affidavit or unsworn declaration stating the date the grievance was filed and the date the written decision was received by the inmate and a copy of the written decision from the grievance system.  TEX. CIV. PRAC. & REM.

---

[3] Thomas's appellate brief contains a number of procedural deficiencies, including no proof of service.  *See* TEX. R. APP. P. 9.5(a) (requiring service "on all parties to the proceeding").  Additionally, Thomas's brief does not comply with Texas Rule of Appellate Procedure 38.1.  *See id.* at R. 38.1.  In particular, Thomas neither identified the parties and counsel nor included a table of contents, index of authorities, a statement of the case, a statement of facts, an issues presented, a summary of the argument, or an appendix.  *See id.* at R. 38.1(a)-(d), (f)-(h), (k).  Because of our disposition and to expedite this appeal, we will implement Rule 2 to suspend the requirements of Rules 9.5 and 38.1.  *See id.* at R. 2.  And though Thomas does not clearly assert issues in his brief, we liberally construe his brief to advance four issues.

CODE ANN. § 14.005(a). If an inmate does not comply with section 14.005(a) or fails to file his claim within thirty-one days after the date the inmate receives the written decision from the grievance system, the inmate's suit must be dismissed. *See id.* § 14.005(b); *Leachman v. Dretke*, 261 S.W.3d 297, 311 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g); *see also Walters*, 2012 Tex. App. LEXIS 9119, at *6. Exhaustion of these administrative remedies requires the proper exhaustion of the remedies. *See Leachman*, 261 S.W.3d at 311; *Retzlaff*, 94 S.W.3d at 654; *see also Walters*, 2012 Tex. App. LEXIS 9119, at *6. Moreover, if an inmate fails to exhaust his administrative remedies, his claim has no arguable basis in law and, thus, is frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003; *Retzlaff*, 94 S.W.3d at 653; *see also Walters*, 2012 Tex. App. LEXIS 9119, at *6.

Here, Thomas failed to submit any grievances with his original petition. Nevertheless, on appeal, Thomas contends that the complaints made in his original petition are not subject to the grievance process within the prison system. However, Thomas does not cite any authority for this proposition. In fact, Thomas does not cite any legal authority to support any of the contentions made in his brief. *See* TEX. R. APP. P. 38.1(i).

Despite the foregoing, Thomas contends that a "Time Credit Dispute Resolution" that he filed within the prison system satisfies the grievance requirement. However, once again, Thomas does not cite any authority to support this contention. And even if we were to accept Thomas's "Time Credit Dispute Resolution" in lieu of Step 1 and 2

grievances, we note that Thomas indicated that his injury occurred in January 2007, more than five years before he submitted his "Time Credit Dispute Resolution." *See* TEX. DEP'T OF CRIMINAL JUSTICE, OFFENDER ORIENTATION HANDBOOK at p. 74, http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf (last visited Dec. 16, 2016) ("You have 15 days from the date of the alleged incident or occurrence of the issue presented in which to complete the Step 1 grievance form and forward it to the unit grievance investigator (UGI)."); *see also Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990) ("For purposes of the application of limitation statutes, a cause of action can generally be said to accrue when the wrongful act effects an injury, regardless of when the plaintiff learned of such injury. The discovery rule represents an exception to this general rule of accrual. . . . When applied the rule operates to toll the running of the period of limitations until the time that the plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the nature of his injury." (internal citations omitted)).

Given the above, we conclude that Thomas's claims lack an arguable basis in law because he has not adequately demonstrated that he exhausted his administrative remedies. *See* TEX. DEP'T OF CRIMINAL JUSTICE, OFFENDER ORIENTATION HANDBOOK at p. 74; TEX. GOV'T CODE ANN. § 501.008(d); TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a); *Leachman*, 261 S.W.3d at 311; *Retzlaff*, 94 S.W.3d at 654; *see also Walters*, 2012 Tex. App. LEXIS 9119, at **5-6. Accordingly, we hold that the trial court did not abuse its discretion

in dismissing Thomas's lawsuit as frivolous pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See Moore*, 153 S.W.3d at 262; *Retzlaff*, 94 S.W.3d at 653; *see also Downer*, 701 S.W.2d at 241-42. We overrule Thomas's issues on appeal.[4]

## IV. CONCLUSION

Having overruled Thomas's issues on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed January 18, 2017
[CV06]



---

[4] With regard to Thomas's complaint about the trial court failing to conduct a hearing on the motion to dismiss, we note that section 14.003(c) of the Texas Civil Practice and Remedies Code does not require the trial court to hold a hearing in determining whether an inmate's lawsuit is frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c) (West 2011) ("In determining whether Subsection (a) applies, the court *may* hold a hearing." (emphasis added)); *see also Hutchinson v. Tex. Dep't of Criminal Justice-Inst. Div.*, No. 10-11-00042-CV, 2011 Tex. App. LEXIS 5433, at *10 n.3 (Tex. App.—Waco July 13, 2011, no pet.) (mem. op.) ("To the extent that appellant complains about the trial court's failure to conduct a hearing on his lawsuit prior to dismissal, we note that Texas courts have held that a hearing is not required when the inmate has failed to exhaust his administrative remedies or, in other words, when the inmate has failed to comply with section 14.005 of the civil practice and remedies code." (citing *Addicks v. Rupert*, No. 12-09-00288-CV, 2011 Tex. App. LEXIS 3260, at *10 (Tex. App.—Tyler Apr. 29, 2011, no pet.) (mem. op.); *McCray v. Scott*, No. 09-01-366-CV, 2002 Tex. App. LEXIS 3271, at *1 (Tex. App.—Beaumont May 9, 2002, no pet.) (per curiam) (mem. op., not designated for publication))); *Chapa v. Livingston*, No. 10-09-00273-CV, 2010 Tex. App. LEXIS 6986, at **6-7 (Tex. App.—Waco Aug. 25, 2010, no pet.) (mem. op.) ("Because the decision to hold a hearing on the dismissal of inmate litigation is within the trial court's discretion, the trial court did not err by dismissing Chapa's lawsuit without a hearing." (internal citations omitted)).