**Herbert HINES, Appellant,**

v.

**Loyd MASSEY, et al., Appellees.**

**No. 09–01–050 CV.**

Court of Appeals of Texas, Beaumont.

Submitted April 29, 2002.

Decided June 20, 2002.

Herbert Hines, Livingston, for appellant.

John Cornyn, Attorney General, Carlos D. Lopez, Assistant Attorney General, Austin, Robert S. Davis, Christi J. Kennedy, Flowers Davis, PLLC, Tyler, for appellees.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

Herbert Hines, a Texas Department of Criminal Justice, Institutional Division ("TDCJ–ID") inmate, filed suit against the State of Texas and fifty public officials, most of whom are employed by the TDCJ–ID. Hines filed *in forma pauperis,* making his claims subject to the procedural requirements of Section 14 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.002 (Vernon Supp.2002). The trial court dismissed Hines' claims against all defendants with prejudice, pursuant to Chapter 14.

Hines argues that A) Chapter 14 of the Civil Practice and Remedies Code is unconstitutional, B) that the trial court erred in dismissing his suit, and C) the trial court erred in assessing $160.00 in court costs against him.

 Hines' principal constitutional challenge to Chapter 14 asserts that the statute functions as a bill of attainder, denying him equal protection. He also alleges that the dismissal of his suit was motivated by racial animus. However, he offers no argument of fact or law to support these assertions. Nothing in the record indicates that Hines was treated disparately because of race, or for any other reason. The procedural requirements of Chapter 14 apply equally to all suits brought by Texas inmates *in forma pauperis. See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.002(a) (Vernon Supp.2002). The record does not indicate Hines was treated differently than any other indigent Texas inmate. *See Sanders v. Palunsky,* 36 S.W.3d 222, 225 (Tex.App.—Houston [14th Dist.] 2001, no pet.). "Restrictions on the ability [of] indigent prisoners to proceed In Forma Pauperis do not implicate any constitutionally-protected right *per se." Hicks v. Brysch,* 989 F.Supp. 797, 822 (W.D.Tex.1997). *See generally Carson v. Johnson,* 112 F.3d 818, 821–22 (5th Cir. 1997). *See also Thomas v. Bilby,* 40 S.W.3d 166, 170–71 (Tex.App.—Texarkana 2001, no pet.) (Chapter 14 does not deny inmates equal protection, and is not a "special law" forbidden by the Texas Constitution); *Hughes v. Massey,* 65 S.W.3d 743, 745 (Tex.App.—Beaumont 2001, no pet.) (Chapter 14 does not violate Supremacy Clause of U.S. Constitution, or Open Courts Provision of Texas Constitution); *Thomas v. Bush,* 23 S.W.3d 215, 218 (Tex. App.—Beaumont 2000, pet. denied) (Chapter 14 is not an *ex post facto* law under U.S. Constitution); *Thomas v. Wichita Gen. Hosp.,* 952 S.W.2d 936, 940 (Tex. App.—Fort Worth 1997, pet. denied) (Chapter 14 does not violate First Amendment right to petition for redress of grievances.). Hines' constitutional arguments are without merit. His first point of error is overruled.

 We review dismissal of suits under Chapter 14 under an abuse of discretion standard. *See Jackson v. Texas Dep't of Criminal Justice—Institutional Div.,* 28 S.W.3d 811, 813 (Tex.App.—Corpus Christi 2000, pet. denied). Section 14.005 requires inmates filing *in forma pauperis* to declare that they have attempted to resolve their complaint via the administrative grievance system. TEX. CIV. PRAC. & REM.CODE § 14.005(a) (Vernon Supp.2002). The inmate must document the attempts by filing a copy of the written decision from the grievance system. *Id.* The court shall dismiss the claim if the inmate does not file an affidavit or unsworn declaration establishing that suit was filed before the 31st day after the inmate received the written decision from the grievance system. *See* TEX. CIV. PRAC. & REM.CODE § 14.005(b) (Vernon Supp.2002). Hines' original petition alleges abusive behavior by correctional officers on July 28, 1999.

Hines alleges that Sgt. Burmham subjected him to "verbal sexual harassment advances" by demanding that he strip, and used "unnecessary excessive physical force." Hines included Step 1 and Step 2 grievance forms as attachments to a motion introducing additional evidence, apparently in an attempt to comply with section 14.005(a)(2). Even if the grievance forms refer to the same incident described in the petition, an examination of the Step 2 grievance form shows that it was denied on February 25, 2000. Hines did not file suit until April 17, 2000. Since Hines did not demonstrate that he filed suit within 31 days of receiving the response to his grievance, the court was authorized to dismiss his suit for non-compliance with section 14.005(b). A suit which is not timely filed pursuant to section 14.005(b) is barred and may be dismissed with prejudice. Hines' second point is overruled.

■ Finally, Hines contends that he was illegally charged $160.00 in court costs. However, Hines does not substantiate his assertion of racial discrimination. He simply repeats the claim, overruled above, that Chapter 14 is unconstitutional. Section 14.006(a) of the Civil Practice and Remedies Code allows trial courts to order an inmate to pay court fees, court costs and other costs associated with a claim. TEX. CIV. PRAC. & REM.CODE § 14.006(a)

(Vernon Supp.2002). The Code dictates the terms for deducting such costs from an inmate's trust account. TEX. CIV. PRAC. & REM.CODE §§ 14.006 (Vernon Supp.2002). The court order requiring Hines to pay $160.00 in district clerk's fees complies fully with the requirements of the Code. This issue has no merit and is overruled.

■ Hines contends an attorney should be appointed to represent him. Section 24.016 of the Texas Government Code states that a district court "may" appoint counsel for an indigent civil litigant. TEX. GOV'T CODE ANN. § 24.016 (Vernon 1988). .The general rule is that a court does not abuse its discretion in refusing to appoint such counsel unless the case is "exceptional." *See Tolbert v. Gibson*, 67 S.W.3d 368, 372 (Tex.App.—Waco 2001, pet. filed). This litigation is procedurally barred by Section 14.005. We decline to require counsel be appointed to pursue an appeal of the dismissal order in this case. This issue is overruled.

The judgment of the trial court is AFFIRMED.