NO. 07-02-0238-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 10, 2003



______________________________




TERRY ACREMAN, APPELLANT



V.



DR. BILL SLEDGE, MARY BANKHEAD, M.D., AND 


LABORATORY CORPORATION OF AMERICA, APPELLEE


_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 89,098-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION (1)


 Appellant Terry Acreman, an inmate proceeding pro se, challenges the trial court's
order dismissing his personal injury action against appellees Dr. Bill Sledge, Mary Bankhead,
M.D., and Laboratory Corporation of America. In his brief appellant contends the trial court
abused its discretion by dismissing his complaint as frivolous. By his reply to appellees' brief,
appellant attempts to raise the issue that he has been denied access to the courts because
of a federal judge's denial of his motion for 1) inmate legal assistance; and 2) subpoena two
witnesses. Based on the rationale expressed herein, we affirm. 

 Terry Acreman, an inmate, filed suit against appellees asserting causes of action in
negligence, gross negligence, and breach of contract for allegedly incorrect blood test results. 
The incorrect results, Acreman asserts, caused him to be retested, allegedly putting his life
in danger because "appellant does not and did not have any blood to spare." Acreman filed
in forma pauperis, making his claims subject to the procedural requirements of section 14 of
the Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 14.002
(Vernon Supp. 2003). The trial court dismissed Acreman's claims against all defendants with
prejudice, pursuant to chapter 14.

 By his first issue, Acreman contends the trial court abused its discretion by dismissing
his complaint as frivolous. We disagree. The trial court, in dismissing a suit under chapter
14 as frivolous may consider whether: (1) the claim's realistic chance of ultimate success is
slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot
prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim
filed by the inmate because the claim arises from the same operative facts. Tex. Civ. Prac.
& Rem. Code Ann. § 14.003(b) (Vernon Supp. 2003). 

 We review the dismissal of suits under chapter 14 under an abuse of discretion
standard. See Hines v. Massey, 79 S.W.3d 269, 271 (Tex.App.-Beaumont 2002, no pet.)
(citing Jackson v. Texas Dep't of Criminal Justice--Institutional Div., 28 S.W.3d 811, 813
(Tex.App.-Corpus Christi 2000, pet. denied)). Abuse of discretion is determined by whether
the court acted without reference to any guiding rules or principles. Downer v. Aquamarine
Operators, Inc. 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial judge may
decide a matter within his discretionary authority in a different manner than an appellate judge
does not demonstrate that an abuse of discretion has occurred. Id. 

 Acreman asserted causes of action in negligence, gross negligence, and breach of
contract. Appellees' motion to dismiss was based on the grounds that under chapter 14,
Acreman suffered no damages as a result of the actions he alleged and his lawsuit had no
arguable basis in law or fact and was therefore frivolous. To support their claim that
Acreman's negligence claim had no arguable basis in law or fact, appellees contended there
was no evidence of negligence, causation, or legally recoverable damages. To support their
claim that Acreman's gross negligence claim had no arguable basis in law or fact, appellees
urged that Acreman could not prove (1) the alleged act, viewed objectively from the actor's
standpoint, involved an extreme degree of risk, considering the probability and magnitude of
the potential harm to others; and (2) actual, subjective awareness of the risk, and conscious
indifference to it in action. Transportation Ins. Co. v. Moriel, 879 S.W.2d 10, 23 (Tex. 1994). 
They further argued Acreman failed to allege a cause of action against the doctors individually
and the breach of contract claim could not stand without some third party beneficiary status
in the absence of a contractual relationship. Because the order dismissing Acreman's
complaint did not specify a reason for the dismissal, we may affirm the order if any proper
ground supports it. Shook v. Gilmore & Tatge Mfg. Co., Inc. 951 S.W.2d 294, 296
(Tex.App.-Waco 1997, writ denied). 

 In order to support any of these causes of action, among other elements, Acreman
must have sustained actual damages. Praesel v. Johnson, 967 S.W.2d 391, 394 (Tex. 
1998). However, Acreman has cited no authority, and we have found none, supporting his
theory that the "unnecessary blood loss" which he alleges to have sustained under these
circumstances, would support a finding of actual damages. Further, there is little likelihood
of proving his blood testing was unnecessary. Likewise, there is little likelihood of connecting
the named defendants with any allegedly tortious conduct . We conclude that the trial court
did not abuse its discretion in dismissing Acreman's complaint as frivolous. Issue one is
overruled. 

 Acreman attempts in his reply brief to raise new issues not addressed in his original
brief. Rule 38.3 permits an appellant to address "any matter in the appellee's brief." Tex. R.
App. p. 38.3. To consider new issues in a reply brief would be outside of the permissible
scope of rule 38.3. Barrios v. State, 27 S.W.3d 313, 322 (Tex.App.-Houston [1st Dist.] 2000,
pet. ref'd), cert. denied, 534 U.S. 1024; 122 S.Ct. 555; 151 L.Ed.2d 430 (2001). Appellant's
second issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.




 Don H. Reavis

 Justice


1. Tex. R. App. P. 47.4.


TYLE="font-size: 10pt">In re A.S., 954 S.W.2d 855, 861 (Tex. App.-El Paso 1997, no pet); but see In re M.S.,
940 S.W.2d 789, 792 n.2 (Tex. App.-Austin 1997, no writ) (holding that the court would
apply the criminal standard of review to a legal sufficiency challenge of a disposition
order). Furthermore, the civil standard of review used in assessing issues of factual
sufficiency is explained in Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965), and we will
therefore not repeat it. 

 The record contains evidence that 1) appellant cooperated and followed directives
when in detention, but after being released and returned to his mother (who at that
particular time was living with her parents), he made a terroristic threat, 2) he was removed
from school for being verbally abusive to a teacher, 3) he had been counseled before
without success, 4) he associated with persons he was prohibited from associating with
by his release order, 5) he was involved with a gang, 6) he was found asleep at his father's
house with evidence that he and others had been inhaling paint, 7) his maternal
grandfather had given him permission to go to his father's house while his father was 
having problems with the law and possibly drugs, 8) his mother knew he had gone to his
father's house, 9) he was involved in multiple crimes, 10) he does better in a structured or
supervised environment, 11) he refuses to assume responsibility for his acts, 12) he has
been involved with marijuana, 13) he was found in possession of brass knuckles, 14) he
has numerous referrals for criminal misconduct, 15) he failed to show remorse for his
actions, 16) he would benefit from the socialization in the Texas Youth Commission, 17)
he behaved while previously committed, 18) the Commission had drug treatment facilities,
and 19) the Commission has programs to meet his educational needs. And, though there
was evidence from appellant's relatives that they could provide him with the requisite
supervision and care, it does not illustrate that the ultimate decision of the trial court was
so against the great weight of the evidence as to be manifestly unjust. So, the
determination that commitment would be in his best interests and that the quality of care
and supervision needed to meet the requirements of probation were unavailable outside
of commitment is not factually insufficient.

 Accordingly, the order of the trial court is affirmed. 


 Brian Quinn

 Justice 


 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex.
Gov't Code Ann. §75.002(a)(1) (Vernon 1998).