NO. 07-02-0345-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 7, 2003



______________________________




HERIBERTO RAMIREZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B137736-0005; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

ORDER ON MOTION FOR REHEARING


 On January 24, 2003, we abated this appeal and remanded the cause to the trial
court to determine whether appellant desired to prosecute his appeal and if so, why Official
Court Reporter, David Fortenberry, had not prepared the reporter's record. By his motion
for rehearing, appellant reaffirmed his desire to appeal as well as his indigency status. We
grant the motion for rehearing and now withdraw our opinion of January 24 together with
the judgment and mandate. We hereby reinstate the appeal with these additional
comments.

 Fortenberry has filed a motion requesting until February 21, 2003, in which to file
the reporter's record. By letter attached to the motion he explains that he has resigned his
position as official court reporter and that he has secured the assistance of another court
reporter to ensure preparation of this record. 

 By his motion for rehearing, appellant's counsel asserts that judicial economy will
be served by granting Fortenberry's motion for extension of time rendering the need for the
hearing presently set for February 14, 2003, unnecessary. We agree and, accordingly,
grant the motion for rehearing and Fortenberry's request for an extension of time to
February 21, 2003.

 It is so ordered.

 Per Curiam

Do not publish.

 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.


uit against appellees asserting causes of action in
negligence, gross negligence, and breach of contract for allegedly incorrect blood test results. 
The incorrect results, Acreman asserts, caused him to be retested, allegedly putting his life
in danger because "appellant does not and did not have any blood to spare." Acreman filed
in forma pauperis, making his claims subject to the procedural requirements of section 14 of
the Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 14.002
(Vernon Supp. 2003). The trial court dismissed Acreman's claims against all defendants with
prejudice, pursuant to chapter 14.

 By his first issue, Acreman contends the trial court abused its discretion by dismissing
his complaint as frivolous. We disagree. The trial court, in dismissing a suit under chapter
14 as frivolous may consider whether: (1) the claim's realistic chance of ultimate success is
slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot
prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim
filed by the inmate because the claim arises from the same operative facts. Tex. Civ. Prac.
& Rem. Code Ann. § 14.003(b) (Vernon Supp. 2003). 

 We review the dismissal of suits under chapter 14 under an abuse of discretion
standard. See Hines v. Massey, 79 S.W.3d 269, 271 (Tex.App.-Beaumont 2002, no pet.)
(citing Jackson v. Texas Dep't of Criminal Justice--Institutional Div., 28 S.W.3d 811, 813
(Tex.App.-Corpus Christi 2000, pet. denied)). Abuse of discretion is determined by whether
the court acted without reference to any guiding rules or principles. Downer v. Aquamarine
Operators, Inc. 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial judge may
decide a matter within his discretionary authority in a different manner than an appellate judge
does not demonstrate that an abuse of discretion has occurred. Id. 

 Acreman asserted causes of action in negligence, gross negligence, and breach of
contract. Appellees' motion to dismiss was based on the grounds that under chapter 14,
Acreman suffered no damages as a result of the actions he alleged and his lawsuit had no
arguable basis in law or fact and was therefore frivolous. To support their claim that
Acreman's negligence claim had no arguable basis in law or fact, appellees contended there
was no evidence of negligence, causation, or legally recoverable damages. To support their
claim that Acreman's gross negligence claim had no arguable basis in law or fact, appellees
urged that Acreman could not prove (1) the alleged act, viewed objectively from the actor's
standpoint, involved an extreme degree of risk, considering the probability and magnitude of
the potential harm to others; and (2) actual, subjective awareness of the risk, and conscious
indifference to it in action. Transportation Ins. Co. v. Moriel, 879 S.W.2d 10, 23 (Tex. 1994). 
They further argued Acreman failed to allege a cause of action against the doctors individually
and the breach of contract claim could not stand without some third party beneficiary status
in the absence of a contractual relationship. Because the order dismissing Acreman's
complaint did not specify a reason for the dismissal, we may affirm the order if any proper
ground supports it. Shook v. Gilmore & Tatge Mfg. Co., Inc. 951 S.W.2d 294, 296
(Tex.App.-Waco 1997, writ denied). 

 In order to support any of these causes of action, among other elements, Acreman
must have sustained actual damages. Praesel v. Johnson, 967 S.W.2d 391, 394 (Tex. 
1998). However, Acreman has cited no authority, and we have found none, supporting his
theory that the "unnecessary blood loss" which he alleges to have sustained under these
circumstances, would support a finding of actual damages. Further, there is little likelihood
of proving his blood testing was unnecessary. Likewise, there is little likelihood of connecting
the named defendants with any allegedly tortious conduct . We conclude that the trial court
did not abuse its discretion in dismissing Acreman's complaint as frivolous. Issue one is
overruled. 

 Acreman attempts in his reply brief to raise new issues not addressed in his original
brief. Rule 38.3 permits an appellant to address "any matter in the appellee's brief." Tex. R.
App. p. 38.3. To consider new issues in a reply brief would be outside of the permissible
scope of rule 38.3. Barrios v. State, 27 S.W.3d 313, 322 (Tex.App.-Houston [1st Dist.] 2000,
pet. ref'd), cert. denied, 534 U.S. 1024; 122 S.Ct. 555; 151 L.Ed.2d 430 (2001). Appellant's
second issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.




 Don H. Reavis

 Justice


1. Tex. R. App. P. 47.4.