Reversed and Remanded Memorandum Opinion filed November 8, 2005









Reversed and Remanded Memorandum Opinion filed
November 8, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01283-CV

____________

 

ARCADE JOSEPH
COMEAUX, JR.,
Appellant

 

V.

 

TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, Appellee

 



 

On Appeal from the 12th
Judicial District Court

Walker County, Texas

Trial Court Cause No. 21,738

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Arcade Comeaux, Jr., an
indigent inmate of the Texas Department of Criminal Justice, Institutional
Division, appeals from an order dismissing his pro se, in forma
pauperis suit with prejudice under Chapter Fourteen of the Texas Civil
Practice and Remedies Code.   

On appeal, Comeaux contends: (1) the trial
court abused its discretion because the suit did comply with Chapter Fourteen;
(2) the trial court violated his constitutional rights by 








dismissing the suit without a hearing to consider his
claims of appellee=s retaliatory acts causing delay in
perfecting this case; (3) the trial court erred by dismissing the complaint as
frivolous and with prejudice; and (4) his constitutional rights were violated
when the district clerk failed to provide him with timely notice of the trial
court=s final judgment
order.  We reverse and remand.

DISCUSSION

A.      Standard
of Review

A trial court=s decision to
dismiss a lawsuit brought by an inmate under Chapter 14 is reviewed under an
abuse of discretion standard.  Hickman
v. Adams, 35 S.W.3d 120, 123 (Tex. App.CHouston [14th Dist.]
2000, no pet.).  A trial court abuses its
discretion when it acts without reference to any guiding rules or principles.  Cire v. Cummings, 134 S.W.3d 835, 838B39 (Tex.
2004).  

B.      Chapter
14 Requirements

As an inmate proceeding in forma
pauperis, Comeaux=s suit must comply with the requirements
of Chapter Fourteen of the Texas Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.002(a) (Vernon
2002); Hines v. Massey, 79 S.W.3d 269, 271 (Tex. App.CBeaumont 2002, no
pet.).  The legislature enacted Chapter
Fourteen to control the flood of frivolous lawsuits filed in Texas courts by
prison inmates.  McCollum v. Mt.
Ararat Baptist Church, Inc., 980 S.W.2d 535, 537 (Tex. App.CHouston [14th
Dist.] 1998, no pet.).  Chapter Fourteen
serves to deter prisoners from filing frivolous lawsuits by: 

(1)     requiring indigent inmates to:

(a)     file an affidavit or unsworn declaration
identifying and describing previous pro se suits brought by the inmate;








(b)     exhaust their administrative remedies
within the penal grievance system before filing a lawsuit;[1]

(c)     file an affidavit or unsworn declaration
stating the date the grievance was filed and the date the written grievance
decision was received by the inmate;

(d)     file a copy of the written decision from
the grievance system;

(e)     file suit within thirty-one days after the
inmate receives the written decision from the grievance system; and

(2)     requiring courts to dismiss noncomplying
suits.    

   


See Tex. Civ. Prac. & Rem. Code Ann. '' 14.003B.005, 14.010
(Vernon 2002); Sanders v. Palunsky, 36 S.W.3d 222, 226 (Tex. App.CHouston [14th
Dist.] 2001, no pet.); Wallace v. Tex. Dep=t of Criminal
JusticeBInstitutional Div., 36 S.W.3d 607,
610B11 (Tex. App.CHouston [1st
Dist.] 2000, pet. denied).

With his original petition, Comeaux filed a declaration of
his previous filings in compliance with section 14.004.  Comeaux filed a declaration stating the dates
he filed his step-one and step-two grievances and the dates he received the
written decisions.  Comeaux also filed
copies of the written decisions from the grievance system.    

C.      Dismissal
Improper Under Section 14.005(b)








The Attorney General contends Comeaux
failed to comply with section 14.005(b) of the Texas Civil Practice and
Remedies Code, which requires the trial court to Adismiss a claim if
the inmate fails to file the claim before the 31st day after the date the
inmate receives the written decision from the grievance system.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.005(b).  Comeaux was required to file suit within
thirty-one days after he received the written decision, not the date of
decision.  In order to enable a trial
court to determine if the inmate=s suit was filed
within the period required, the inmate must file an affidavit or unsworn
declaration stating the date the written decision was received.  See Tex.
Civ. Prac. & Rem. Code Ann. '
14.005(a)(1).  Comeaux filed the
requisite affidavit or unsworn declaration with his petition, which stated he
received the written grievance decision on Saturday, June 29, 2002,
at 6:45 p.m.  Appellee did not controvert
Comeaux=s contention he
received the written decision on June 29, 2002. 
Thus, the uncontroverted evidence reflects Comeaux received the written
grievance decision on June 29, 2002.

To satisfy the time requirements of
14.005(b), Comeaux was required to file suit before the 31st day after June 29,
2002, which is July 30, 2002.  The
Attorney General contends Comeaux filed the lawsuit on July 15, 2002, the day
the trial court clerk received and stamped Comeaux=s civil
petition.  Comeaux=s petition may
also have an earlier filing date.  See
Warner v. Glass, 135 S.W.3d 681, 682 (Tex. 2004) (holding a pro se inmate=s petition that is
placed in a properly addressed and stamped envelope or wrapper is deemed filed
at the moment prison authorities receive the document for mailing).  We need not decide whether Comeaux=s petition was
filed before July 15, 2002 because July 15, 2002 is within and before the
thirty-one day deadline.  Comeaux=s suit was filed
before the 31st day after he received the written decision from the grievance
system, and thus timely.  Accordingly, we
sustain Comeaux=s first issue on appeal.  

CONCLUSION      

Because we sustain Comeaux=s first appellate
issue, we reverse the trial court=s judgment and
remand the cause to the trial court for further proceedings.        

 

 

 

/s/      John S. Anderson

Justice

 

                                                              

Judgment
rendered and Memorandum Opinion filed November 8, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson. 











[1]  Comeaux filed
a step-one grievance, which was denied. 
Comeaux filed a step-two grievance, which was also denied.  The second-step grievance decision exhausted
Comeaux=s administrative claims as required by the Inmate
Litigation Act.  See Tex.
Civ. Prac. & Rem. Code Ann. '
14.005(a).