

## NUMBER 13-09-00504-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

LAKEITH AMIR-SHARIF, **Appellant,**

**v.**

NATHANIEL QUARTERMAN
AND BILLY HOWARD, **Appellees.**

### On appeal from the 135th District Court
### of DeWitt County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Justice Garza

This is an inmate litigation case under chapter 14 of the Texas Civil Practice and

Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (Vernon 2002).

By seven issues, which we renumber and reorganize as four, appellant Lakeith Amir-Sharif

contends that the trial court erred when it: (1) failed to conduct a hearing before it

dismissed his case; (2) failed to specifically state the grounds for the dismissal; (3) failed

to rule on his post-judgment motions; and (4) failed to liberally construe his pleadings as a pro se litigant, which in turn violated his constitutional rights.[1]  We affirm.

## I. BACKGROUND

Amir-Sharif is currently incarcerated at the Stevenson Unit in the Institutional Division of the Texas Department of Criminal Justice ("TDCJ") in Cuero, Texas.[2]  Amir-Sharif claims that, on November 21, 2008, a TDCJ officer falsely accused him of failing to obey an order to move to another table in the prison mess hall.  Amir-Sharif contends that at a disciplinary hearing on the incident, the TDCJ hearing officer refused to accept Amir-Sharif's written statement regarding the allegations made against him.  Instead, the hearing officer asked Amir-Sharif to make a verbal statement regarding his version of the facts on the record.  The TDCJ subsequently found Amir-Sharif guilty of the incident, verbally reprimanded him, and placed a disciplinary report regarding the incident in his institutional file.

Amir-Sharif alleges that he filed Step 1 and Step 2 grievances in accordance with TDCJ policies and procedures to have his written statement about the incident placed in his file.  Both grievances were denied.  After allegedly exhausting his administrative remedies,[3] Amir-Sharif filed an Original Application for Writ of Mandamus in district court on March 25, 2009.  In his application, Amir-Sharif asked the trial court to mandate the TDCJ to place Amir-Sharif's personal written statement about the November 21, 2008

---

[1] Amir-Sharif claimed that the trial court's failure to liberally construe his pleadings violated his constitutional rights to due process, due course of law, equal protection, access to courts, open courts, and right to petition the government for redress of grievances. *See, e.g.*, U.S. CONST. amends. I, IV, and XIV; TEX. CONST. art. 1, §§ 3, 3a, 13, 19, 27, and 29.

[2] The record does not reveal why Amir-Sharif is imprisoned, the length of his sentence, or the amount of time he has already served.

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (Vernon 2002).

incident in his institutional file. Amir-Sharif also filed: (1) a "Petitioner's Affidavit"; (2) a "Motion to Proceed in Forma Pauperis"; and (3) a "Declaration of Inability to Pay Costs".

The trial court summarily dismissed Amir-Sharif's claim on July 29, 2009. The order, in relevant part, stated:

> On this day came on to be heard the above-captioned matter. The court, having reviewed the pleadings of Plaintiff, finds that Plaintiff is an "inmate" as defined in Chapter 14, Texas Civil Practice and Remedies Code. The court further finds that Plaintiff's pleading does not comply with said chapter. Accordingly, the court orders that this cause is DISMISSED with prejudice and that no citation issue. Any costs are assessed against Plaintiff.

Amir-Sharif allegedly filed a "Motion for Clarification and Specification of the July 29 Order" and a separate "Motion for Reinstatement of Case," but these post-judgment motions were not considered.[4] This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Inmate litigation is governed by the procedural rules set forth in chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014; *see also McBride v. Tex. Bd. of Pardons and Paroles*, No. 13-05-559-CV, 2008 Tex. App. LEXIS 1290, at *6 (Tex. App.–Corpus Christi Feb. 21, 2008, pet. denied) (mem. op.). The Texas Legislature enacted chapter 14 to control the flood of lawsuits filed in state courts by prison inmates, which consume valuable judicial resources with seemingly little offsetting benefit. *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.–Waco 1996, no writ). Courts have noted that:

> Prisoners have everything to gain and little to lose by filing frivolous suits. It costs them almost nothing; time is of no consequence to a prisoner; threats of sanctions are virtually meaningless; and the prisoner can look forward to a day trip to the courthouse. Thus, the temptation to file a frivolous suit is strong. Such suits, however, waste valuable resources and subject the state and its prison officials to the burden of unwarranted litigation, preventing claims with merit from being heard expeditiously.

---

[4] Although these motions are in the record, they were not properly filed for the trial court's consideration. For further analysis, please see the discussion in Section III.C. of this opinion.

*Id*. (internal citations omitted) (citing *Spellmon v. Sweeney*, 819 S.W.2d 206, 209 (Tex. App.–Waco 1991, no writ)).

We review a dismissal of an inmate's lawsuit under an abuse of discretion standard. *Harrison v. Tex. Dep't of Criminal Justice, Inst. Div*., 164 S.W.3d 871, 874 (Tex. App.–Corpus Christi 2005, no pet.). Abuse of discretion is determined by examining whether or not the trial court acted without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). In other words, a trial court abuses its discretion if it acts arbitrarily or unreasonably. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex. 1984).

### III. DISCUSSION

### A. Lack of Hearing

Amir-Sharif complains that the trial court dismissed his lawsuit without a hearing. The failure to conduct a hearing, according to Amir-Sharif, deprived him of a "meaningful time and a meaningful opportunity to be heard." Under Section 14.003(c) of the civil practices and remedies code, "the court may hold a hearing" before dismissing an inmate's complaint. TEX. CIV. PRAC. & REM. CODE ANN § 14.003(c). "The statute's plain language indicates the court's determination to hold a hearing is discretionary." *Harrison*, 164 S.W.3d at 875 (citing *Spurlock v. Schroedter*, 88 S.W.3d 733, 735-36 (Tex. App.–Corpus Christi 2002, no pet.)). Thus, the trial court was not required to conduct a hearing in this case to determine whether Amir-Sharif's suit should be dismissed. *Harrison*, 164 S.W.3d at 875.

Amir-Sharif incorrectly asserts that he was entitled to notice and a hearing regarding the court's intent to dismiss his case under Rule 165a of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 165a. Rule 165a provides that, "notice of the court's intention

4

to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney . . . . " *Id*. However, as stated previously, inmate litigation is governed under chapter 14 of the Texas Civil Practices and Remedies Code. Section 14.014 of this chapter, the "Conflict with Texas Rules of Civil Procedure" provision, provides that "this chapter may not be modified or repealed by a rule adopted by the supreme court." TEX. CIV. PRAC. & REM. CODE ANN § 14.014; *see Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.–Houston [14th Dist.] 2002, pet. denied) (comparing chapter 14 of the civil practice and remedies code with the rules of civil procedure and concluding that courts can summarily dismiss inmate cases without a hearing). Because chapter 14 does not require that a court hold a hearing prior to dismissal, we overrule this issue.

**B.     No Specific Grounds for Dismissal**

Amir-Sharif also complains that the trial court erred when it did not specifically state the grounds for his dismissal. The order stated that "Plaintiff's pleading does not comply with [chapter 14 of the civil practice and remedies code]. Accordingly, the court orders that this cause is DISMISSED . . . ." Amir-Sharif contends that the trial court should have offered a "specific" explanation of his pleading's deficiencies in "plain English" so that he could correct any errors. However, trial courts are not required to state the specific grounds for dismissal of an inmate's claim. *See Retzlaff*, 94 S.W.3d at 654 (holding that "the court's failure to specifically state the grounds for dismissal is not an abuse of discretion"); *see also Anthony v. Tex. Dep't of Criminal Justice*, No. 01-08-00465-CV, 2009 Tex. App. LEXIS 1482, at \*\*22-23 (Tex. App.–Houston [1st Dist.] Mar. 5, 2009, no pet.) (mem. op.). Thus, the trial court did not err when it failed to state the exact basis for its dismissal. We overrule this issue.

## C.    Post-Judgment Rulings

By his third issue, Amir-Sharif complains that the trial court erred when it failed to rule on his post-judgment "Motion for Clarification and Specification of the July 29 Order" and "Motion for Reinstatement of Case."  The record reflects that, on August 21, 2009, Amir-Sharif mailed these post-judgment motions by certified mail, return receipt requested, to the trial court judge, the Honorable Kemper Stephen Williams, in care of the judge's court coordinator, Emily Means, instead of to Tabeth Gardner, the DeWitt County District Clerk.  The record also shows that there was no signature on the return receipt for this mailing, and that the trial court's "Civil Docket Sheet" did not reflect the filing of these two motions.

Texas Rule of Civil Procedure 21 provides that all pleadings or motions "shall be filed with the clerk of the court in writing."  TEX. R. CIV. P. 21.  A judge may accept a filing, "in which event he shall note thereon the filing date and time and forthwith transmit [the filing] to the office of the clerk."  TEX. R. CIV. P. 74.  Amir-Sharif mistakenly addressed his motions to the trial court judge using the district clerk's mailing address.  There is no proof that either the district clerk or the trial court ever received these motions, as evidenced by the unsigned return receipt.  Also, the court's "Civil Docket Sheet" does not reflect that these documents were filed.  Because Amir-Shariff failed to properly file these post-judgment motions, the trial court was not required to rule on them.  We overrule this issue.

## D.    Liberal Review of Pro Se Litigants' Pleadings

Amir-Sharif contends that the trial court violated several of his federal and state constitutional rights when it failed to "liberally construe" his pleadings.  He asserts that "had the trial court applied the standards of liberal construction when it reviewed [his] pleading," he would have remedied the "'mystery' defect the trial court relied upon in dismissing [his] meritorous [sic] suit."  He further contends that the "rules of procedure" should not

"sacrifice . . . the rules of fundamental justice."

At the outset, we note that "a pro se inmate's petition should be viewed with liberality and patience and is not held to the stringent standards applied to formal pleadings drafted by attorneys." *Minix v. Gonzales*, 162 S.W.3d 635, 637 (Tex. App.–Houston [14th Dist.] 2005, no pet.). However, we also recognize that pro se litigants must abide by the same standards as licensed attorneys and comply with applicable laws and rules of procedure. *See Amir-Sharif v. Mason*, 243 S.W.3d 854, 856-58 (Tex. App.–Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 191, 184-85 (Tex. 1978)).

The record reveals that, even with the most liberal interpretation of Amir-Sharif's pleadings, the trial court was still within its discretion to dismiss the case. A court may dismiss a suit filed under chapter 14 if it finds that: (1) the allegation of poverty in the affidavit or unsworn declaration is false; (2) the claim is frivolous or malicious; or (3) the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a). To determine whether a claim is frivolous or malicious, the court may consider whether:

(1)     the claim's realistic chance of ultimate success is slight;

(2)     the claim has no arguable basis in law or in fact;

(3)     it is clear that the party cannot prove facts in support of the claim; or

(4)     the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id*. § 14.003(b)(1)-(4).

Section 14.004 requires the inmate to file an affidavit or declaration "relating to previous filings" the inmate has filed pro se, other than a suit filed under the family code.[5]

---

[5] Although Amir-Sharif filed a "Petitioner's Affidavit," it did not list any of his previous filings. Instead, the affidavit declared that Amir-Sharif was "wholly destitute and unable to pay the cost for this litigation" and that the underlying lawsuit was "non-frivolous and [was not] filed for any improper motives, ill will, or harassment."

*Id*. § 14.004(a). Inmates are also required to file certified copies of their trust account statements to prove their indigent status. *Id*. § 14.004(c). Failure to file either of these documents is grounds to dismiss the case because trial courts use them to analyze whether a case is frivolous or malicious. *See Hickson*, 926 S.W.2d at 399 (holding that the filings required under chapter 14 are "an essential part of the process by which courts review inmate litigation"); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a). Amir-Sharif did not file an affidavit or unsworn declaration listing any previous lawsuits he has filed.[6] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a). He also failed to file a certified copy of his inmate trust account statement. *Id*. § 14.004(c).[7] The failure to produce either of these documents justifies a dismissal. *Hickson*, 926 S.W.2d at 399.

Assuming the trial court "liberally construed" Amir-Sharif's pleadings, it still would not be an abuse of discretion to dismiss the case for failure to comply with the requirements of chapter 14. "'Restrictions on the ability o[f] indigent prisoners to proceed [i]n [f]orma [p]auperis do not implicate any constitutionally-protected right per se.'" *Hicks v. Brysch*, 989 F. Supp. 797, 822 (W.D. Tex. 1997); *see also Richard v. Dretke*, No. 14-08-00714-CV, 2009 Tex. App. LEXIS 2261, at *14 (Tex. App.–Houston [14th Dist.] Apr. 7, 2009, no pet.) (mem. op.) (providing that chapter 14 is presumed constitutional and does not violate the Due Course of Law Clause of the Texas Constitution or the Due Process Clause of the United States Constitution, which are "nearly identical"); *Hines v. Massey*, 79 S.W.3d 269, 271 (Tex. App.–Beaumont 2002, no pet.) (citing *Thomas v. Bilby*, 40 S.W.3d 166, 170-71 (Tex. App.–Texarkana 2001, no pet.) (holding that chapter 14 does not deny inmates equal protection); *Hughes v. Massey*, 65 S.W.3d 743, 745 (Tex.

---

[6] Of note, we found twelve published opinions where inmate Amir-Sharif is listed as an appellant.

[7] Interestingly, Amir-Sharif failed to file both of these documents in another one of his recent appeals. *See Amir-Sharif v. Mason*, 243 S.W.3d 854, 856-58 (Tex. App.–Dallas 2008, no pet.). We thus find it disingenuous for Amir-Sharif to claim that he had no opportunity "to remedy the 'mystery' defect the trial court relied upon in dismissing [his] meritorous [sic] suit" when another Texas appellate court has already informed him that these documents are mandatory in chapter 14 cases. *Id*.

App.–Beaumont 2001, no pet.) (concluding that chapter 14 does not violate the Open Courts provision of the Texas Constitution); *Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 940 (Tex. App.–Fort Worth 1997, pet. denied) (finding that chapter 14 does not violate inmates's First Amendment right to petition the government for redress of grievances)).

Chapter 14's requirements, in and of themselves, do not implicate any constitutional rights. *See Hines*, 79 S.W.3d at 271; *see also Richard*, 2009 Tex. App. LEXIS 2261, at **13-16. Here, even under a liberal review of Amir-Sharif's pleadings, the trial court had the discretion to dismiss the case for failing to comply with any provision of chapter 14.[8] *See Hickson*, 926 S.W.2d at 399. We overrule this issue.

### III. CONCLUSION

We affirm.

_____
DORI CONTRERAS GARZA
Justice

Delivered and filed the
19th day of August, 2010.

---

[8] Amir-Sharif's fourth issue, and our subsequent analysis, focused on the "procedural" defects of his pleadings. However, because the court dismissed the case with prejudice, we recognize that the trial court probably considered the merits of Amir-Sharif's case to be deficient as well. In light of this, we note the following:

Amir-Sharif does not point to any authority, and we find none, demonstrating why he is legally entitled to have his personal statement regarding the November 21, 2008 incident placed in his institutional file. Amir-Sharif contends that the right to have a personal written statement regarding inmate incidents placed in an inmate's disciplinary file is afforded by the TDCJ's "inmate disciplinary rules and procedures," but he does not provide a copy of these rules for the record. Accordingly, the court could have found that Amir-Sharif's claim did not have a realistic chance of ultimate success, had no arguable basis in law or in fact, or that Amir-Sharif could not prove any facts in support of his claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(1)-(4) (Vernon 2002). In addition, we note that even though Amir-Sharif's written statement was not accepted, he was given the opportunity to give oral testimony at his disciplinary hearing. By his own admission, the TDCJ gave him a "time and opportunity" to be heard. This presents yet another reason why the trial court may have decided that his claim was unlikely to succeed or had no merit. *Id*. Both of these scenarios present legitimate reasons for a trial court to dismiss this case on its merits.