--------------------------------------------------------------------------------

 NUMBER 13-14-00051-CV

 COURT OF APPEALS

 THIRTEENTH DISTRICT OF TEXAS

 CORPUS CHRISTI - EDINBURG
____________________________________________________________

Blanca Petty, Appellant,

 v.

John K. Petty, Appellee.
____________________________________________________________

 On appeal from the 329th District Court
 of Wharton County, Texas.
____________________________________________________________

 ORDER

 Before Justices Rodriguez, Garza, and Benavides
 Order Per Curiam

Appellant, Blanca Petty, has filed with this Court a motion for appointment of counsel. Subject to few exceptions, parties in civil cases are not generally entitled to court-appointed counsel. A civil litigant may be appointed counsel if she demonstrates why the public and private interests at stake are so exceptional that the administration of justice would best be served by appointment of counsel. See Hines v. Massey, 79 S.W.3d 269, 272 (Tex. App. -- Beaumont 2002, no pet.); see also Tex. Gov't Code Ann. § 24.016 (West, Westlaw through 2013 3d C.S.) ("A district judge may appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause."); Ruiz v. Ruiz, No. 04-03-00897-CV, 2005 WL 291461, at *1 (Tex. App. -- San Antonio Feb. 9, 2005, pet. denied) (mem. op.). 
In her motion, appellant urges that she should be appointed counsel because of the complicated nature of this case combined with her indigence, poor health conditions, the "criminal involvement," and a "language barrier"; she identifies no public interests at stake in this case. Although unfortunate, we do not find these circumstances to be particularly exceptional. We believe that this is a case in which it is incumbent upon the parties to retain their own representation. For these reasons, we DENY appellant's motion for appointment of counsel.
IT IS SO ORDERED. 
PER CURIAM
Delivered and filed the 
25th day of June, 2014.