

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00121-CV

SAMMY DEAN WILLHOITE,

Appellant

 v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE-ID,

Appellee

**From the 87th District Court
Freestone County, Texas
Trial Court No. 15-384-B**

## MEMORANDUM OPINION

In four issues, appellant, Sammy Dean Willhoite, challenges the trial court's

dismissal of his lawsuit against appellee, the Texas Department of Criminal Justice, for

injuries sustained by appellant when exiting a prison shower.  Because we conclude that

appellant's claim has no basis in law, we affirm.

# I.    BACKGROUND

In the early hours of August 6, 2015, appellant entered the shower to wash himself off after his colitis caused him to defecate on himself.  Shortly thereafter, a corrections officer initiated a recount of the wing, ordering all inmates back to their cells for a head count.  Appellant, feeling dizzy and unsteady, rushed to put on his clothes.  In the process of doing so, appellant slipped and fell into the shower enclosure, hitting the right side of his head.  While falling, appellant reached for the door of the stall.  His right little finger became caught in a gap between the door panel and a brace.  As a result of the fall, appellant snapped off his right little finger at the second knuckle and pulled an accompanying tendon out of his arm.  Other inmates alerted officials to the incident, which resulted in appellant receiving medical treatment and the documentation of the incident.

Thereafter, appellant filed his original petition pro se and in forma pauperis, alleging a claim of negligence against appellee for a poorly designed shower stall and an exception to immunity contained in Section 101.021(2) of the Texas Tort Claims Act.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2011).  Appellant sought damages in the amount of more than $200,000 and less than $1,000,000.

In response to appellant's suit, appellee filed a motion to dismiss pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code, arguing that appellant's suit should be dismissed as frivolous because he filed a false declaration of indigency.  *See*

*generally id.* §§ 14.001-.014 (West 2011 & Supp. 2016). Two days after appellee filed its motion to dismiss and without a hearing, the trial court signed its final judgment dismissing appellant's suit as frivolous for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. Appellant filed a motion for new trial, which was later denied. This appeal followed.

## II.    STANDARD OF REVIEW

An inmate proceeding in forma pauperis, as appellant alleges, is subject to the procedural requirements of Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002; *see also Moore v. Zeller*, 153 S.W.3d 262, 263 (Tex. App.—Beaumont 2004, pet. denied). Under Chapter 14, the trial court has broad discretion to dismiss a lawsuit as frivolous or malicious. *Moore*, 153 S.W.3d at 262 (citing *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied)). As such, we review dismissal of suits under Chapter 14 for abuse of discretion. *Id.* (citing *Hines v. Massey*, 79 S.W.3d 269, 271 (Tex. App.—Beaumont 2002, no pet.)). A trial court abuses its discretion if it acts without reference to guiding rules or principles. S*ee Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

When, as here, the trial court dismisses a claim without conducting a fact hearing, the issue on appeal is whether the claim has an arguable basis in law. *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.). To determine whether a trial court has properly determined there is no arguable basis in law for a claim, "we examine

the types of relief and causes of action appellant pleaded in his petition to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief." *Id.* When, as here, the trial court does not issue findings of fact and conclusions of law, the appellate court implies all findings necessary to support the judgment. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *see also Griffith v. Griffith*, 341 S.W.3d 43, 49 (Tex. App.—San Antonio 2011, no pet.).

### III.  ANALYSIS

In his first issue, appellant complains that the trial court abused its discretion in dismissing his suit. We disagree.

Sovereign immunity protects the State and its various divisions, such as agencies and boards, from suit and liability. *See Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57-58 (Tex. 2011); *see also Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Sovereign immunity includes two distinct principles, immunity from suit and immunity from liability. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Although immunity from liability is an affirmative defense, immunity from suit is not because it deprives a court of subject-matter jurisdiction. *Id.* Thus, the party suing the governmental entity must establish the State's consent, which may be alleged either by reference to a statute or to express legislative permission. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

Section 101.021(2) provides a limited waiver of sovereign immunity when death or injury is caused by a condition or use of tangible personal property, if the governmental unit would, were it a private person, be liable under Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2011); *see Dallas Metrocare Servs. v. Juarez*, 420 S.W.3d 39, 41 (Tex. 2013). Therefore, for immunity to be waived, "personal injury or death must be proximately caused by a condition or use of tangible personal or real property." *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998) (noting that: "The requirement of causation is more than mere involvement . . . ").

The record reflects that appellant was dizzy or lightheaded and was in a hurry to put his clothes on and comply with the correctional officer's orders at the time of the incident. Appellant slipped and fell toward the door and pushed plexiglass out, thus resulting in his right finger being caught between the plexiglass and the door's support frame.[1] The record suggests that the proximate cause of appellant's injuries was his dizziness, lightheadedness, and the fact that he was in a hurry to dress himself, not the shower-stall door about which appellant complains. The shower-stall door did "no more than furnish the condition that [made] the injury possible." *Bossley*, 968 S.W.2d at 343 ("Property does not cause injury if it does no more than furnish the condition that makes

---

[1] In his Step 1 Grievance Form, appellant admits that he lost his "balance and fell due to dizziness caused by extremely high blood sugar levels . . . . "

the injury possible." (citing *Union Pump Co. v. Albritton*, 898 S.W.2d 773, 776 (Tex. 1995))).

Accordingly, appellant cannot prove that appellee's sovereign immunity was waived.

Because appellant's claim has no basis in law, we cannot say that the trial court abused its discretion in dismissing appellant's lawsuit as frivolous. *See Moore*, 153 S.W.3d at 262; *Spurlock*, 94 S.W.3d at 658; *Retzlaff*, 94 S.W.3d at 653; *Hines*, 79 S.W.3d at 271; *see also Downer*, 701 S.W.2d at 241-42. We therefore overrule appellant's first issue.

In his final three issues, appellant complains that the trial court erred in: (1) dismissing his suit without allowing an opportunity to amend; (2) denying his motion for new trial after he paid the court costs in full; and (3) issuing findings of fact and conclusions of law. After review of the record, we find that none of appellant's remaining issues are meritorious. First, a dismissal with prejudice is improper if the plaintiff's failure to comply with the statute's procedural requirements can be remedied. *See Hickman v. Adams*, 35 S.W.3d 120, 125 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (noting also that "because a trial court may dismiss an action as frivolous either before or after service of process, the trial court is under no duty to suggest or recommend that appellant amend his pleading"). When reviewing whether the trial court abused its discretion by dismissing with prejudice, the reviewing court should consider whether the inmate's error could be remedied with a more specific pleading; if so, a dismissal with prejudice is improper. *See Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied). Here, the record fails to establish proximate causation and

liability under the private-person standard articulated in section 101.021(2) of the Texas Civil Practice and Remedies Code; thus, sovereign immunity would still bar any amended pleading appellant might have filed. In other words, giving appellant an opportunity to amend would not have resulted in a different outcome. *See Hickman*, 35 S.W.3d at 125.

Next, appellant contends that the trial court erred in denying his motion for new trial because he paid all court costs in full. However, as analyzed above, appellant's suit has no arguable basis in law; therefore, the payment of court costs has no bearing on the ultimate outcome of dismissal. We therefore conclude that the trial court did not abuse its discretion in denying appellant's motion for new trial. *See Cliff v. Huggins*, 724 S.W.2d 778, 778-79 (Tex. 1987) (noting that we review a trial court's denial of a motion for new trial for an abuse of discretion); *see also Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004) (stating that in applying the abuse-of-discretion standard, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable).

And finally, with regard to appellant's complaint about the trial court's failure to file findings of fact and conclusions of law, we note that Texas courts have held that trial courts are not required to file findings of fact and conclusions of law when dismissing

inmate litigation under Chapter 14. *See Retzlaff*, 94 S.W.3d at 655[2]; *see also Bates v. Brown*, No. 07-15-00284-CV, 2016 Tex. App. LEXIS 2718, at \*9 (Tex. App.—Amarillo Mar. 15, 2016, no pet.) (mem. op.); *Chapa v. Livingston*, No. 10-09-00273-CV, 2010 Tex. App. LEXIS 6986, at \*8 (Tex. App.—Waco Aug. 25, 2010, no pet.) (mem. op.). Therefore, since no fact hearing was held, our review is whether the suit lacks a basis in law and the trial court's failure to file findings of fact and conclusions of law in such an instance must be harmless. *See Retzlaff*, 94 S.W.3d at 655; *see also Bates*, 2016 Tex. App. LEXIS 2718, at \*9; *Chapa*, 2010 Tex. App. LEXIS 6986, at \*8. Based on the foregoing, we overrule all of appellant's remaining issues.

## IV.    CONCLUSION

We affirm the judgment of the trial court.

---

[2] Specifically, the Fourteenth Court of Appeals noted the following in response to an inmate's complaint about the trial court's failure to file findings of fact and conclusions of law:

> In his fourth issue, appellant complains of the trial court's refusal to file findings of fact and conclusions of law. Appellant filed both an initial request and a Notice of Past Due Findings. However, Texas Rules of Civil Procedure 296 and 297 do not apply when a court dismisses a case under Chapter 14 of the Civil Practice and Remedies Code without holding a fact hearing. . . .
>
> As noted, if no fact hearing is held, the court's dismissal can only be affirmed if the prisoner's suit lacks a basis in law. In such a situation, the trial court is not acting as a fact finder. Therefore, as in a review of a summary judgment proceeding, the failure to file findings of fact must be harmless.

*Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 655 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (internal citations omitted).

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed November 2, 2016
[CV06]

